## JAMES H. SHOBER *vs.* JOHN W. S. COCHRANE.

*Mandamus—Construction of the Acts of 1872, ch. 377, and of 1874, ch. 463—Powers of the State Board of Education.*

Mandamus cannot be issued in a matter within the discretion of the State Board of Education under the Acts of 1872, ch. 377, sub-ch. 3, sec. 4, and of 1874, ch. 463, sub-ch. 3, sec. 4.

APPEAL from the Circuit Court for Allegany County.

This was an application by James M. Shober for a writ of *mandamus* to compel John W. S. Cochrane not to interfere with or prevent the petitioner from discharging the

.duties of Secretary, Treasurer and Examiner of the Board of School Commissioners of Allegany County, and from receiving the emoluments thereof, and to yield up said office to the petitioner. The respondent having answered, the case was heard by the Court below, (ALVEY and MOT-TER, J.,) in connection with the allegations of the petition and answer filed, on the following agreed statement of facts :

On the 10th December, 1877, the Judges of the Circuit Court for Allegany County appointed Messrs. Fundenberg, Getzendanner and Wilson as the Board of County School Commissioners. On the 1st January, 1878, being the 1st Tuesday in January, the Board met for an organization, and a majority, Messrs. Fundenberg and Getzendanner elected John W. S. Cochrane, Secretary, Treasurer and Examiner. He duly gave bond. Notice of his election signed by the President of the Board was duly transmitted to the Comptroller, and his bond was filed in the clerk's office. He entered upon his duties and continued to serve until the 6th January, 1880, regularly performing the duties of his office. On the 6th March, 1878, Laurence T. Dickinson was appointed commissioner in place of Jesse Wilson. The Judges of this Court failed to make any appointment prior to the 1st January, 1880, and have not since done so, and have not made any appointment since those of Messrs. Fundenberg, Getzendanner and Dickinson above referred to. On the 6th January, 1880, the members of the Board, Messrs. Fundenberg, Getzendanner and Dickinson, met and proceeded to an election of Secretary, Treasurer and Examiner. Mr. Dickinson stated that the Board had no authority to elect that officer as Mr. Cochrane holds over with the Board, and Mr. Cochrane stated that his bond expressly provided that he was elected for the term of the office of the Board ; but nevertheless offered himself as a candidate for re-election, and until a few hours prior to

said meeting said Cochrane expected to be elected to said office on that day, and had prepared a bond for a new term commencing on that date. Messrs. Fundenberg and Getzendanner decided that they should proceed to an election, and Mr. Shober was voted for by a majority of the Board, was declared elected the Secretary, Treasurer and Examiner of the Board for a term of two years from the 1st January, 1880 thence, next ensuing, and gave bond approved by the Board, which was filed with the clerk of the Court, and notice of his election was transmitted to the Comptroller, and on the same day Mr. Cochrane surrendered the books, papers, vouchers and other property in his custody to Mr. Shober as Secretary, Treasurer and Examiner. Mr. Cochrane at the time was not aware of what he now claims to be his legal rights in the premises, and supposed at the time, he was validly superseded in the office by Mr. Shober, and therefore surrendered the office. On 12th January, after consulting counsel as to his legal rights, Mr. Cochrane filed his memorial with M. A. Newell, the Principal of the State Normal School, and, as such Secretary of the State Board of Education, stating the action of the Board of County School Commissioners, and asking the said State Board of Education to reinstate him in the office from which he alleged the said County Board had wrongfully attempted to remove him. The meeting of the State Board was called for January 23rd, 1880, and Mr. Shober and the County Board were notified of the same. On the last mentioned day Messrs. Fundenberg, Getzendanner, Shober and Cochrane appeared in person, and Mr. Shober and the School Board were represented by the Hon. George Hawkins Williams, but said Williams was employed by the Board, not by Shober, and Mr. Cochrane by Hon. Clement Sulivane. The question was tried before the State Board of Education and argued by the respective counsel, and said State Board " adjudged and determined that J. W. Scott Cochrane is

of right.the legal Secretary, Treasurer and Examiner of the Board of County School Commissioners of Allegany County." Mr. Cochrane then demanded of Mr. Shober the books that he had with him. On the 24th January, Mr. Cochrane endeavored to find Mr. Shober, and finally got the key to the office. On the same night Mr. Shober got possession of the office, and on the 26th inst., Mr. Cochrane recovered possession and remained in possession of the office until 29th January, when the office was removed. From that date until the filing of a petition for a *mandamus* in this case, Mr. Cochrane was not in the office of the School Board, it having been removed to Dr. G. B. Fundenberg's office. Mr. Shober has not surrendered any of the property, books or papers to Mr. Cochrane, which Mr. Cochrane turned over to him on the 6th January, 1880, but has refused to do so. It is admitted also that up to the time of filing the petition in this case, the President of the Board has refused to sign the drafts in favor of Mr. Cochrane either on the Comptroller of the State or on the County Treasurer, and that Mr. Cochrane had not on that account attempted to get the drafts cashed.

Up to the time of the filing of the petition for *mandamus* in this case, it is admitted that Mr. Cochrane had not received any money belonging to the Board, and had none in hand that belonged to said Board, or to him as Treasurer. It is further admitted, that up to the time of filing the petition for *mandamus*, the majority of the Board, including the President, had refused to recognize Mr. Cochrane after the 6th January, 1880, but on the 11th of February, a majority of said Board did recognize Mr. Cochrane, and instructed him to demand of Mr. Shober, the books, papers, seal, vouchers and other property in the possession of said Shober, and that said Shober did refuse to surrender the books, papers, or other property, and the Board did adopt a new seal. It is further admitted, that said Cochrane notified the Treasurer, and the County Com-

missioners of Allegany County, that payment of moneys levied by the County Commissioners, prior to the date of filing the petition for *mandamus* in this case, should be made to him, and not to Shober. It is further admitted, that the minutes of the Board of County School Commissioners of Allegany County, of January 1st, 1878, the date of the election of the respondent, state that the said Cochrane was elected Secretary, Treasurer and Examiner until the 1st January, 1880, and that said Cochrane recorded those minutes, and that said Cochrane's name was put in nomination with his consent by Mr. Dickinson, for the position of Secretary, Treasurer and Examiner on the 6th of January, 1880, and that the said Cochrane recorded the minutes of that date, when Mr. Shober was declared elected. Mr. Cochrane was not advised positively as to what he now claims to be the true construction of the law, until after he turned over the office to Mr. Shober, and he then at once took steps to have the matter referred to the State Board of Education.

It is further admitted, that on 7th February, 1880, two teachers handed their reports for the term ending the 6th February, to Mr. Cochrane, and up to the time of filing the petition for *mandamus* in this case, Cochrane had not received any other reports from teachers.

It is further agreed that the Court may draw inferences and conclusions from the facts above agreed upon, as fully as if the same had been duly given in evidence before a tribunal empowered by law to try and pass upon the issues of fact.

Whereupon the Court refused the writ of *mandamus* and filed an order dismissing the petition. The petitioner appealed, and the original papers were transmitted to this Court under sec. 8 of Art. 71 of the Revised Code of 1878.

The cause was argued before BARTOL., C. J., BRENT, GRASON, ROBINSON and IRVING, J.

Shober *vs.* Cochrane.

*Ferdinand Williams,* for the appellant.

*A. Hunter Boyd* and *Johns McCleave,* for the appellee.

BY THE COURT :

In this case the order of the Circuit Court refusing the writ of *mandamus* will be affirmed ; this Court being of opinion that under the Acts of 1872, ch. 377, sub-ch. 3, sec. 4, and 1874, *ch.* 463, *sub-ch.* 3, *sec.* 4, the power to decide the matter in dispute, was vested in the State Board of Education, and that its decision thereon was final and conclusive. *Wiley, et al. vs. Board of County School Commissioners of Allegany County,* 51 *Md.,* 401, appears to us to dispose of this question. It may not be out of place to say, after an examination of the question, that in our opinion, the decision by the State Board of Education in this case upon the merits was correct, and if we had jurisdiction to review it, would be affirmed.

(Decided 1st April, 1880.)

ROBINSON, J., dissented on the question of the jurisdiction of the State Board of Education.