## ROBERT F. DUER *vs.* WILLIAM H. DASHIELL.

*Schools—Term of Office of a Treasurer and Examiner Appointed by a Board of County School Commissioners Subsequently Legislated Out of Office.*

In 1898 the Governor appointed, with the consent of the Senate, a Board of School Commissioners for Somerset County, under the provisions of Code, Art. 77, sec. 6, as it then stood. Sec. 18 of said Article directed the board to elect a person not a member thereof to serve as Secretary, Treasurer and Examiner, but was silent as to his tenure of office. In August, 1898, said board elected the appellant as Treasurer and Examiner, and fixed his term of office at two years. The Act of 1900, ch. 29, repealed section 6 of Art. 77, and under it, the Governor was required to appoint a new Board of School Commissioners for each county who were to go into office in May, 1900. This new board in that month, without removing appellant from office, elected the appellee as Treasurer and Examiner. He duly qualified and petitioned for a *mandamus* to compel the surrender of the office to him by the appellant. Code, Art. 77, sec. 11, directs the State Board of Education to cause the provisions of that Article relating to public education to be carried into effect and gives it the power to remove any examiner or teacher who may be incompetent or guilty of moral delinquency. *Held,*

1st. That the Board of School Commissioners which appointed the appellant had no power to fix his term of office at two years, and he had no indefeasible right to hold for that time.

2nd. That when the term of office of that board was itself vacated by the Act of 1900, the appellant's term also came to an end, except as to his right to hold over until the appointment of a successor.

3rd. That the appellant's holding over ceased when the appellee was elected Examiner by the new board and duly qualified.

4th. That the Court had jurisdiction to grant the *mandamus* asked for in this case and the matter is not one within the jurisdiction of the

State Board of Education, since the question in the case is not one involving the proper administration of the public school system, but relates to the effect of the Act of 1900 upon the status of a subordinate official appointed by a board which was by that Act legislated out of office.

Appeal from the Circuit Court for Somerset County, (PAGE, C. J., and HOLLAND, J.), overruling demurrer and directing the issue of a writ of *mandamus* as prayed in the petition.

The cause was argued before MCSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*George R. Gaither* (with whom was *Leon E. Greenbaum* on the brief), for the appellant.

It has become a well-settled principle of American law, that where the statute creating an office is silent as to the power of removal, and the tenure it not fixed, that the power of removal is a necessary incident to the power of appointment, exercisable by that power. 19 *Am. & Eng. Ency. of Law*, 562; *Mechem on Public Offices*, sec. 445. In *Carr, Auditor*, v. *State*, 111 Ind. 107, the Court held that an officer appointed by the Secretary of State, upon the requisition of the State Board of Health, for the purpose of acting as secretary of said board of health, was not removable by the appointing power, although the Constitution of the State provided that any office for an indefinite period was held during the pleasure of the authority making the appointment, and decided that the secretary of the State Board of Health held his office at the pleasure of the State Board of Health, and not of the appointing power. This decision was based upon the proposition that, as a matter of law, the Court would consider the real party in interest to have the right of removal, and not the actual appointing power. In *State* v. *Heinmuller*, 38 Ohio St. 101, the Court held, that where a statute gave the mayor of the city the right to appoint police officers, and also the right to suspend them but the same statute gave the city council the right to

remove said officer ; " that a suspension from office and a removal from office convey very different ideas, and it is very clear that the Legislature recognized a difference, as by section 1685 of the Act in question, the power of removal from office in municipalities is conferred on the council alone."

Applying the principle of these cases to the case at bar, it would seem clear that the right of removal has not been properly exercised in the present case. The power of removal in the Board of School Commissioners for Somerset County could only exist *by implication*, on account of the fact that this board was the appointing power. But the very statutes under which the appointment was made, expressly conferred upon the State Board of Education the power to remove this officer for special causes. Such being the express power of removal granted, and the later expression of the legislative will, does not the express right of removal given to the State board destroy the very necessity from which the implication might arise as to the right of removal by the appointing power ? Is not the expression of the one mode of removal an *exclusion* of the other, especially when one is an expressed power, and the other only arises from implication ?

In *Miles* v. *Stevenson*, 80 Md, 358, it was held that the right of removal for particular causes negatived the right of removal for any other causes, thereby establishing the principle that the express power of removal destroyed all implied powers that have existed upon the subject. By the same principle, it is submitted, that the power of removal conferred upon the State board must exclude any implied power in the appointing power; and should not such a construction be necessarily made in view of the important character of the office of county examiner, and of his position as a part of the State school system ? As has been shown from our statutes regulating our school system, the examiner is also the secretary and treasurer of the board ; has a right to be present at all meetings of the board and to take part in the

debate.   With all these important features of public duty, added to his most important work in the examination of the teachers and promotion of the successful administration of the schools, is it not clear that our laws did not intend such an officer, so important to the welfare of the entire system, to be at the mere will and caprice of the board of school commissioners for the county, but rather subject only to the State board, which was expressly given the supervision and power of removal?   *Schober* v. *Cochrane*, 53 Md. 544, is conclusive upon this point.

*H. Fillmore Lankford* and *Clarence P. Lankford*, for the appellee, submitted the case on their brief.

No term of office being fixed or prescribed for the examiner, and it being impossible for his term to be coextensive with that of the board which appointed him, because the board, as a board, has no term, his term must be at the pleasure of the board.    If there is no limit fixed to the term of office the appointee holds merely at the will of the appointing power.   *Miles* v. *Stevenson*, 80 Md. 366.   It is well settled that where there is no limit fixed to the term of office and the appointee holds merely at the will of the appointing power, he may be removed without notice and without charges being preferred or reasons assigned.   *Townsend* v. *Kurtz*, 83 Md. 342.    The power to remove is incident to the power to appoint.   *The People* v. *Comptroller*, 20 Wendell 595 ; *ex-parte, Hennen*, 13 Peters 259.   But it may be contended by the appellant, that although the office in question is without a fixed term, the appointing power in this case was stript of the usual right of removal, by reason of the provisions of sec. 11 of Article 77, which confers upon the State Board of Education the "power to suspend or remove any examiner or teacher who may be found inefficient in or incompetent for the discharge of duties assigned him, or guilty of such moral delinquency as unfits him for the office he holds," and by reason of the provisions of sec. 17C. of chap. 428 of the Acts of 1900, which con-

fers upon the Superintendent of Public Education the power " to remove by and with the consent of two-thirds of the Board of Education, any county examiner who shall be guilty of misconduct or inefficiency." The power to remove officers with no fixed term, recognized in *Townsend* v. *Kurtz*, and which applies as well to the examiner as any other officer is not taken away from the county board by the statutes which confer upon the State Board of Education and the Superintendent of Public Education the power to remove the examiner in certain enumerated cases for certain enumerated causes.

It is clear that the State Board of Education and the Superintendent of Public Education have no power to remove an examiner for any cause except one of those enumerated in the statutes referred to. If these statutes had been framed in different language, and had given the power of removal to the State board and the superintendent generally, without mentioning specific causes for removal, there might be some force in the argument that their power of removal is exclusive, but where the statutes mention the particular causes for which the State board and the superintendent may make removals, removals for all other causes, and removals without cause, are excluded from their jurisdiction, and are left to the judgment and discretion of the Board of County School Commissioners. The power of removal conferred upon the State board and the superintendent is in addition to the power already possessed by the County School Commissioners under the principles announced in *Townsend* v. *Kurtz*, and was conferred for the purpose of imposing a restraint upon the school commissioners so as to prevent them from retaining an examiner who might be notoriously ignorant or depraved, but whom for political or personal reasons they might not have the disposition or courage to remove.

All offices, the tenure of which is not fixed by the Constitution or limited by law, must be held either during good behavior or the life of the incumbent; or must be held at

the will and discretion of the appointing power and subject
to removal at pleasure.  *Ex-parte Hennen*, 13 Peters 259.
To hold that the examiner can be removed only by the
State Board of Education or the superintendent, and only
for one of the enumerated causes, is to hold that the posi-
tion of examiner is a life-office.  It can hardly be believed
that while the terms of the highest judicial officers in the
State is limited to fifteen years, that the Legislature ever
intended to bestow a life tenure upon the incumbent of a
subordinate office.  The argument that the appellant was
under a contract with the school board to serve in the
office of examiner for a period of two years is untenable,
because the school board had no authority in law, either
expressly or by implication, to elect for any definite and
fixed term, and therefore could appoint for only such a term
as can be ascertained from the statute, which is a term at
the will of the appointing power.  Being an office, and not
a mere employment, the school board could not fix any
term of office different from that created by statute, and
the appellee accepted the office charged with the knowledge
that he held his position only during the pleasure of the
board, notwithstanding the effort to substitute a contract for
a statute.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for
Somerset County, directing a *mandamus* to issue requiring
the appellant, who had been the secretary, treasurer and
examiner of the former Board of County School Commis-
sioners, to deliver the books and papers of the office to the
appellee, who was elected to the same office by the present
board.

Sec. 6, of Art. 77, of the Code, as it stood in the year
1898, directed the Governor by and with the advice and
consent of the Senate to appoint a Board of School Com-
missioners for each county in the State.  Sec. 18 of the
same Article, directs every such board to meet for organi-

zation on the first Tuesday in August next succeeding their appointment and elect a person not a member of the board to serve as its secretary, treasurer and examiner, but is silent as to his tenure of office.

On August 2nd, 1898, the Board of School Commissioners of Somerset County, then in office, elected the appellant as their secretary, treasurer and examiner, and undertook to fix the duration of his term of office in the definite period of two years. He accepted the office and duly qualified by filing his bond as required by law and continued to discharge his official duties until that board of commissioners were legislated out of office by the Act of 1900, ch. 29. That Act repealed sec. 6, of Article 77, of the Code, under which the commissioners held office at the time of the appointment of the appellant to the office in question, and re-enacted it in such form as to require the Governor, by and with the advice and consent of the Senate if in session, to appoint a new Board of School Commissioners, for each county in the State, to go into office on the 1st Monday in May next, succeeding their appointment.

A new Board of School Commissioners for Somerset County were promptly appointed and confirmed under the Act of 1900, ch. 29. At their first meeting, which was held on the 1st Monday in May, 1900, they elected the appellee as their secretary, treasurer and examiner. He duly qualified and then demanded of the appellant the books, vouchers and other papers in his possession relating to the office, but the latter refused to deliver them, claiming that he was still in office and therefore entitled to their possession.

The appellee thereupon filed his petition in the Circuit Court setting out his election and qualification, the demand made by him upon the appellant for the books, vouchers and other papers relating to the office and the refusal by the appellant to comply with the demand, and praying for a *mandamus* to compel the delivery to be made to him.

The appellant answered the petition admitting the demand and refusal, denying the title of the appellee to the office and insisting that his own election to the office on August 2nd, 1898, and his acceptance thereof and qualification constituted a contract between him and the Board of School Commissioners by virtue of which he was entitled to hold the office and receive its emoluments for the full term of two years, ending on August 2nd, 1900. The appellee demurred to the answer of the appellant and the Court sustained the demurrer and passed the order, from which this appeal was taken, directing the *mandamus* to issue.

Neither the former board of commissioners nor the present one, ever made any removal of the appellant from the office in question, but the present board treated the position as vacant when they came into office and they elected the appellee to fill it.

The first and fundamental question presented by this record is, did the appointment of the appellant as secretary, treasurer and examiner on the 2nd of August, 1898, by the Board of School Commissioners then in office and his acceptance thereof and qualification, give him a contractual right to hold the office for the full term of two years?

We have no hesitation in answering this question in the negative. It has long been settled that public officials are merely agents of the State for the carrying out of public purposes and that their selection and the fixing of the length of time for which they shall serve are matters of public convenience or necessity, and do not fall within the scope of the term *contract* as applied to transactions between individuals out of which definite and vested rights of property arise. *Crenshaw* v. *U. S.*, 134 U. S. 99; *Newton* v. *Mahoning County Commrs.*, 100 U. S. 548; *Hall* v. *Wisconsin*, 103 U. S. 5; *Regents* v. *Williams*, 9 G. & J. 635; *Davis* v. *State*, 7 Md. 150; *Warfield* v. *County Commrs.*, 28 Md. 84.

The Boards of School Commissioners for the several counties of this State are *quasi* corporations of a public

nature charged by law with "the general supervision and control of all schools in their respective counties," and are required "to build, repair and furnish the school houses," "pay the salaries of teachers," "purchase and distribute text-books," and generally secure an efficient administration of the public school system. It is requisite for the effectual discharge of this important public duty that, except in so far as restrained by law, each board of commissioners should have the power to select the agents designated by the statute for doing its work. This essential independence of action on the part of an incoming board composed, as in the present case, of entirely different persons from their predecessors would be unreasonably restrained and its usefulness greatly impaired if it were compelled to accept for the important office of secretary, treasurer and examiner a person not of its own selection who had been appointed by the outgoing board for such term of office as it saw fit to adopt.

We think it clear in this case first, that the former Board of School Commissioners who elected the appellant in August, 1898, had no power to fix the duration of his office for an indefeasible term of two years, secondly, that when the term of office of the former board was itsel vacated and destroyed by the Act of 1900, ch. 29, the appellant's term of office also came to an end except to the extent of his right to hold over until the appointment of his successor, and thirdly that his holding over ceased on May 6th, 1900, when the appellee was elected as his successor by the present board of commissioners and had duly qualified.

There having been no direct attempt by either the former or the present board of commissioners to remove the appellant from his office, the question of the nature and extent of the right of County School Commissioners to remove their secretary, treasurer and examiner, which was much discussed upon the briefs and in the argument of counsel, is not presented by the record in this case. His term of

office was it is true brought to a close but that was in consequence of the passage by the Legislature of the Act of 1900, ch. 29, which resulted in the election, by the new board, of the appellee as their secretary, treasurer and examiner, upon the happening of which event the appellant's tenure ended.

The right of the appellee to the office being clear, has he adopted the appropriate remedy for its enforcement? It is admitted that *mandamus* is ordinarily the proper proceeding to try the title to an office but it is contended that in view of the decision of this Court and in the cases of *Wiley et al., Trustees,* v. *Board of School Commissioners of Allegany County,* 51 Md. 401, and *Shober* v. *Cochrane,* 53 Md. 544, the controversy in this case must be regarded as lying exclusively within the jurisdiction conferred upon the State Board of Education by sec. 11, of Art. 77, of the Code.

The powers and duties of the State board are defined in sections 8 to 17 inclusive of Art. 77. Briefly stated, that board are to have the general care and supervision of the public school interests of the State. They are to act as assistants and advisers to the various county boards, and, from time to time, issue circular-letters to teachers and commissioners on topics connected with the administration of the public schools, and they are given power to suspend or remove an examiner or teacher for certain specified causes. They are to use their best ability to cause the provisions of Art. 77 to be carried into effect, and to enact by-laws not in conflict therewith for the administration of the public school system. It is further provided that "they shall explain the true intent and meaning of the law, and shall decide, without expense to the parties concerned, all controversies and disputes that arise under it." The nature and extent of the jurisdiction thus conferred upon the State board to decide controversies and disputes arising in the administration of the public school system, as far as it applied to the facts of the two last mentioned cases, has been considered and passed upon by this Court.

*Wiley's case* was a dispute between two sets of education officials, *i. e.*, the trustees of a district school in Cumberland and. the School Commissioners of Allegany County, in reference to the proper use of a certain schoolhouse. The issue there presented was held to fall within the scope of the power conferred by law upon the State board to decide all controversies and disputes arising under the provisions of Art. 77. That power was held to be summary and exclusive in its nature in controversies between those entrusted with the administration of our system of education or between the functionaries and the patrons or pupils of the schools ; and as the power was comprehensive enough to deal with the issue in that case, it was held that a Court of equity should not interfere with its exercise.

In *Shober's case* the Board of School Commissioners held over after the expiration of their term of office because the Circuit Court, in which the power of appointment was at that time lodged, failed to appoint their successors. The board at their organization had appointed Cochrane as their secretary, treasurer and examiner, and after their term had expired and while they were holding over a dispute arose between them in reference to their right to elect a new secretary, treasurer and examiner. The dispute ended by two of the three commissioners proceeding to make the election. A contest also occurring between the old and the new examiners over the possession of the office, the whole controversy was submitted to the State Board of Education before whom all parties concerned, including the school commissioners appeared, and were heard. The State Board assumed jurisdiction of the controversy and " adjudged and determined" it in favor of Cochrane the old appointee. Shober, who was the new appointee, then applied for a *mandamus* to prevent his competitor from interfering with the office, and the Circuit Court refused to issue the writ. Upon an appeal, this Court in a short *per curiam* order affirmed the order of the Circuit Court upon the ground " that the power to decide the matter in dispute was vested in the State Board

of Education, and that its decision thereon was final and conclusive."

Both *Wiley's* and *Shober's case* were disputes between functionaries of the department of public education over which it was the purpose of sec. 11, of Art. 77, of the Code, to give the State Board of Education jurisdiction. Neither of those cases involved, as the one now before us does, the important legal question of the effect of an Act of the Legislature repealing the law, under which a Board of School Commissioners were appointed, upon the tenure of office of a subordinate official appointed by the board while they were still in office. We do not think that it was the purpose of the Legislature in enacting sec. 11, to withdraw the determination of purely legal questions like this from the Courts and commit them to the board of education for decision. The real issue in this case is not one involving the proper administration of the public school system, but it is a question of the legal effect of the passage by the Legislature of the Act of 1900, ch. 29, upon the status of subordinate officials appointed by a school board which that Act legislated out of office.

The Circuit Court, therefore, had jurisdiction to entertain and pass upon the application for the *mandamus* and its order directing the writ to issue will be affirmed.

*Order affirmed.*

(Decided November 15th, 1900.)