J. B. WALLACE, Trading as J. B. Wallace & Son,

*vs.*

THE MAYOR AND CITY COUNCIL OF BALTIMORE,
a Municipal Corporation.

*Municipal corporations: water service; extinguishing fires;
negligence.*

Where a municipality furnished water gratuitously to be used
in extinguishing fires, it acts in a governmental capacity; and
for losses from fire, alleged to be due to its negligence in con-
nection with water works, a municipality is not liable.

pp. 640, 643

*Decided June 25th, 1914.*

Appeal from the Court of Common Pleas of Baltimore
City. (Dobler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke,
Thomas, Pattison, Urner, and Constable, JJ.

*George Washington Williams* (with whom was *John Holt Richardson,* on the brief), for the appellant.


*Robert F. Leach, Jr., Assistant City Solicitor* (with whom was *S. S. Field, City Solicitor,* upon the brief) for the appellee.


CONSTABLE, J., delivered the opinion of the Court.

This is an appeal from a judgment on a demurrer to a declaration.

The appellant brought suit against the appellee for the loss of property from a fire in Baltimore City. The declaration alleges that the appellant rented a stable, wherein he stabled and stored property; that the appellee owned and operated a system of water works under the authority of its charter, and charged tolls and rents for the use of the water; that the said stable was supplied with water for which the usual rate was paid; that there were located near and convenient to the said stable hydrants and fire plugs used by the appellee for extinguishing fires, and also private hydrants of the appellant, which connected with the said water system; that the building adjoining the stable caught fire, and, in response to an alarm, the fire department connected its hose with the proper fire plugs, but it was thereupon discovered that the water supply had been cut off from those plugs, whereupon it was necessary to go to other fire plugs in order to get water; but in the meantime the fire had burned into the stable of the appellant and completely destroyed his property. It was further alleged that a contractor, while lawfully working and digging in the vicinity of the said stable had knocked out from one of the pipes of the water system a wooden plug which had been negligently placed in said pipe, and that as a result of the negligence of placing said plug and allowing it to remain unguarded, it was necessary to cut off that section of the water system supplying the fire plugs in that vicinity with water, and but for that the fire would

have been extinguished without the loss of the appellant's property.

The grounds of the demurrer were: (1) Because the injury complained of was, according to the averments of the declaration, too remote to fix any liability upon the appellee—the cause alleged was not the natural or proximate cause of the injury. (2) Because so far as the appellee maintains its water system and plant for use by its fire department in extinguishing fires, it is performing a governmental function, for failure or negligence in connection with which it is not liable. We will consider only the second of these grounds.

The liability of municipalities for injuries growing out of negligence in failure to supply water for the extinguishment of fires has never been before this Court, but has been before the courts of other States in many cases, and in every instance, so far as our research discloses, with one exception, the liability of the municipality has been denied, and in that jurisdiction where the municipality was held liable, *Lenzen* v. *New Braunfels,* 13 Tex. Civ. App. 335, the opposite conclusion was reached in two later decisions—*Butterworth* v. *Henrietta,* 25 Tex. Civ. App. 467; *Greenville Water Co.* v. *Beckman,* 118 S. W. Rep. 889.

It is seen from the averments of the *narr.* that there is not involved in this case the question of the liability of the appellee for its failure to furnish water to the appellant for which he was paying rental, but only its failure to furnish water to the fire department for its use in extinguishing a fire.

*Dillon on the Law of Municipal Corporations,* Section 66, states: "Municipal corporations * * * possess a double character—the one governmental, legislative or public; the other, in a sense, proprietary or private * * * . In its governmental or public character the corporation is made by the State one of its instruments, or the local depository of certain limited and prescribed political powers, to be exercised for the public good on behalf of the State rather than for itself." And

WALLACE vs. M. & C. C. OF BALTIMORE. 641

Md.]                    Opinion of the Court.

the same author states, section 1340 : "The protection of all buildings in a city or town from destruction or injury by fire is for the benefit of all the inhabitants and for their relief from a common danger, and municipalities are usually authorized by statute to provide and maintain fire engines, and to supply water for the extinguishment of fires. The statutes generally do not impose any duty, and, when availed of, the task undertaken is discretionary in its character. The grant of such power must be regarded as exclusively for public purposes and as belonging to the municipal corporation, when assumed, in its public, political or legislative character. A city, therefore, does not, by accepting or acting under such a statute, and building its water works, enter into any contract with or assume any implied liability to the owners of property to furnish means or water for the extinguishment of fires upon which an action can be maintained. There is no implied contractual or other relation between the city and the public, within its boundaries, with respect to the construction of water works, which makes the city liable for a failure to exercise reasonable care and diligence in respect to their maintenance. Accordingly, when it has been sought to hold municipal corporations for the *loss and destruction of buildings through the inadequacy of the water supply to protect them, or to extinguish fires*, the courts have usually held that the *municipality is not liable*. The fact that water rates or rents are paid by the inhabitants of the city does not create an implied liability in such a case * * *. Within these principles, it has been held that there is no liability by a city for loss sustained by fire where the wrongful act charged was *neglect in cutting off water from a hydrant*, but for which the fire might have been extinguished; or in *failing to keep the reservoir in repair*, whereby the supply of water became inadequate, or because the *pipes were inadequate* or out of order."

The same principle is laid down in *McQuillin on Municipal Corporations*, section 2682 : "In a previous volume, it

was stated that 'where a municipality owns its own plant, it is liable for injuries sustained by a consumer by reason of an insufficient supply.' This statement is incorrect, however, in so far as it may be construed as imposing liability on municipalities possessing their own water plant, for their negligence in not furnishing sufficient water or pressure to extinguish fires, or in not keeping the mains, hydrants, etc., in repair, which results in loss by fire, since it is well settled that in such a case the municipality is engaged in the performance of a governmental, as distinguished from a corporate duty."

In *Farnham on Waters,* section 158 c, it is stated: "It is no part of the duty imposed upon a municipal corporation by its organization, to undertake to prevent or extinguish fires that may occur within its limits. But the protection of property is within the objects over which it may legitimately be given control, and it may, therefore, be empowered to procure a supply of water for the purpose of aiding the inhabitants in preventing or extinguishing fires that may occur. In undertaking to provide a supply of water for the prevention and extinguishment of fires, however, and in the organization of a department for that purpose, it acts in its purely governmental capacity, and it can not be called to account by a private citizen for the use which it makes of such power. The extent and manner of the exercise of its powers are necessarily to be determined by the judgment and discretion of the municipal authorities, and the municipality is not liable for a defect in their execution. It is, therefore, not liable for failure * * * to keep a sufficient supply of water."

In determining municipal liability for injuries due to negligence in the operation of water works, courts have generally viewed the subject in a two-fold aspect due to the fact that a municipal corporation, in maintaining water works, not only sells water to its inhabitants for domestic purposes, in the performance of which function it is practically always held to be acting in a private corporate capacity and for its

own benefit, but also **gratuitously** furnishes water to be used in extinguishing fires, in the performance of which duty it is acting in a public governmental capacity. *Taintor* v. *Worcester,* 123 Mass. 311; *Grant* v. *Erie,* 69 Pa. St. 420; *Mendel* v. *Wheeling,* 28 W. Va. 233; *Springfield Ins. Co.* v. *Keeseville,* 148 N. Y. 46; *Wright* v. *Augusta,* 78 Ga. 241; *Miller* v. *Minneapolis,* 75 Minn. 131; *Edgerly* v. *Concord,* 62 N. H. 8; *Robinson* v. *Evansville,* 87 Ind. 334.

Indeed, so practically unanimous have been the decisions denying the liability of the municipality for losses from fire through the alleged negligence in connection with the water works, that it is impracticable to give all of the authorities so holding, but for further authorities reference is made to the full notes and citations on the question in *Asher* v. *Hutchinson W L. & P. Co.,* 61 L. R. A. 95 and *Piper* v. *Madison,* 25 L. R. A. (N. S.) 239.

We are unable to discover anything in the charter provisions of the appellee or in any of the Maryland authorities which render inapplicable the overwhelming opinion on this subject.

*Judgment affirmed, with costs to the appellee.*