ISIDOR GOLD, INFANT, BY HIS FATHER AND NEXT
FRIEND, REUBEN GOLD.

\

*vs.*

MAYOR AND CITY COUNCIL OF BALTIMORE.

*Municipal Corporations—Liability in Tort—Repair of School
Building.*

A municipal corporation, in the maintenance of schools, is
performing a public or governmental duty, as an instrumental-
ity of the State, and is not liable for injuries caused by the
faulty construction or want of repair of a school building, in
the absence of any statute giving, expressly or by necessary im-
plication, a right of action therefor.

*Decided January 11th, 1921.*

Appeal from the Baltimore City Court (AMBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE,
THOMAS, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Benjamin B. Baker,* with whom was *James J. Lindsay*
on the brief, for the appellant.

*Allen A. Davis, Assistant City Solicitor,* with whom was
*Roland R. Marchant, City Solicitor,* on the brief, for the
appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action at law, brought by the plaintiff, an in-
fant, by his father and next friend, against the Mayor and
City Council of Baltimore, a municipal corporation, in the
Baltimore City Court to recover damages for certain injuries
sustained by the infant plaintiff while a pupil of one of the

public schools in the City of Baltimore. The injuries were caused by the falling of a door of one of the public school buildings of the defendant corporation, and, it is alleged, were due to the negligence of the defendant in permitting an unsafe condition to exist in the doorway in the school building.

The declaration, in substance, states that the Mayor and City Council of Baltimore is a municipal corporation, and is charged with the duty of providing a public school system for the education of children, residents of Baltimore City, and the necessary buildings and grounds for the proper education of such children; that the defendant now is in ownership and possession of a lot of ground and improvements in Baltimore City situated at the northwest corner of Greene and Fayette Streets, and on which lot of ground was located, at the time of the grievance hereinafter complained of, a large brick building used and operated by the defendant through its agents and teachers as a school for educational purposes; that on or about the 28th day of January, 1920, while the infant plaintiff, who was and had been for some time previous to this date a pupil at the school, was passing through a double doorway of the school building, facing Greene Street in the school building, using due care and caution, one of the doors of the double doorway, through and by the negligence and carelessness of the defendant, its agents, and servants, broke from its fastenings and fell upon and violently struck the infant plaintiff, throwing him to the floor of the building, seriously and permanently injuring and breaking one of his legs, and otherwise seriously and permanently injuring other parts of his body and shocking his system.

The declaration then charges that the injuries to the plaintiff were directly caused by the carelessness and negligence of the defendant, its agents and employees and without negligence or want of care on the part of the infant plaintiff directly thereunto contributing.

A demurrer was filed to this declaration by the defendant denying its liability in damages, and the demurrer was sus-tained by the court below. From a judgment on the demurrer in favor of the defendant, the plaintiff has taken this appeal.

The facts of the case are admitted by the demurrer, and the single question presented on the record is the liability *vel non* of the Mayor and City Council of Baltimore, a mu-nicipal corporation, in an action of tort for negligence in connection with the school buildings used by it for educa-tional purposes.

While the cases and text writers are not in accord upon the general proposition here presented, the weight of authority is to the effect that, when a municipal corporation is charged by law with the duty of erecting and maintaining public schools for the education of the children of the municipality, it performs a public or governmental duty and function, and in the absence of statute is exempt from corporate liability for torts in connection with the maintenance and repairing of school buildings.

In Section 2675, Vol. 6 of *McQuillan on Municipal Cor-porations,* it is said: "A municipality is not liable for the negligence or other wrongful act of school officers, since edu-cation is a governmental function. Likewise, for the same reason it is not liable for injuries arising in connection with its ownership of school buildings or grounds. *A fortiori,* where the care and control of school property is given by statute to a *board of education* having capacity to sue and be sued, a municipal corporation will not be liable for injuries resulting from the negligence of the board in maintaining school property or for nuisances thereon. So it has even been held that where school buildings are erected by the board of education, with the concurrence of the city council, the city is not liable to one injured in the construction of a school building, through the negligence of the board of education."

In *Shearman and Redfield on Negligence,* Section 267, it is said: "The duty of providing means of education, at the public expense, by building and maintaining school houses, etc., is purely a public duty, in the discharge of which the local body, as the state's representative, is exempt from corporate liability, for the faulty construction or want of repair of its school buildings, or the torts of its servants employed therein."

In 4 *Dillon on Municipal Corporations,* 5th Ed., sec 1658, JUDGE DILLON said: When a municipal corporation is charged by charter or statute with *the duty of erecting and maintaining public schools* for the education of the children of the municipality, the weight of authority is to the effect that in the exercise of the power so conferred it performs a public or governmental duty, and not a special corporate or administrative duty as distinguished from a state or public duty, and it is not impliedly liable for the wrongful acts and negligence of its officers or agents in maintaining and repairing school buildings."

The rule is thus stated in 19 *R. C. L.* p. 1124: "In this country it is regarded as the duty of the state to establish and maintain at the expense of the taxpayers a system of education for all children who live within its limits, and if, for the purposes of convenient administration, this duty is delegated to the municipal corporations of the state or to quasi corporations formed for the purpose, the duty is still public and governmental, and such corporations or quasi corporations cannot be held liable for the negligence of their employees in performing it. In applying this doctrine it has been held that such bodies are not liable for personal injuries to pupils resulting from defective conditions of the school buildings, or from the negligence of the persons in charge thereof."

The doctrine is also supported by a number of decisions collected and stated in a note to the case of *Columbia Finance and Trust Company* v. *City of Louisville,* 25 L. R. A. (N.

S.) 88, and in a note to *Ernst* v. *W. Covington,* 3 Am. &
Eng. Cases, 882.

In *Weddle* v. *The Board of County School Commissioners
of Frederick County,* 94 Md. 334, this Court held, that "a
*quasi* corporation or governmental agency, such as a Board
of School Commissioners having charge of the public schools
in a county, is not liable to an individual in an action of
tort for negligence, unless such liability is imposed by stat-
ute." The principle stated and announced in *Weddle's case,
supra,* has been generally recognized by this Court, and by
the courts in other jurisdictions. *Duer* v. *Dashiell,* 91 Md.
660; *Wallace* v. *M. & C. C. of Balto.,* 123 Md. 638; *Gutow-
ski* v. *M. & C. C. of Balto.,* 127 Md. 507. In *Wixon* v.
*Newport,* 13 R. I. 458, it was said: "If we understand the
cases aright, the ground of exemption from liability is not
that the duty or service is compulsory, but that it is public,
and that a municipal corporation, in performing it, is acting
for the state or public in a matter in which it has no private
or corporate interest; and that therefore, inasmuch as it can
only act through its officers or servants, it is entitled to have
them, while engaged in the performance of the duty or serv-
ice, regarded as the officers or servants of the public, and to
be exempt from any private responsibility for them." In
*Hill* v. *Boston,* 122 Mass. 344, a leading case upon this
proposition, where an action was brought by a child who was
attending a public school in the city of Boston, against the
municipality, for an injury suffered by reason of the unsafe
condition of a stair-case in the school building, the court,
after a full review of the authorities, held that an action
could not be maintained against the city, for an injury
caused by the unsafe condition of the school house stairway.
*Folk* v. *Milwaukee,* 108 Wis. 359; *Kinnare* v. *Chicago,* 171
Ill. 332; *Howard* v. *Worcester,* 153 Mass. 426; *McNeil* v.
*Boston,* 178 Mass. 326; and note to *Columbia F. & T. Co.*
v. *Louisville,* 25 L. R. A. (N. S.) 88.

The immunity or exemption from liability in such cases rests upon the theory that the municipality is in the performance of a public or a governmental duty and is the instrumentality of the state, exercising a governmental function. In the absence of statute, expressly or by necessary implication giving the right of action, the municipality is not liable.

We have been referred to no statute in this State which either expressly or by implication gives a right of action for damages against the appellee for a tort of this character and for the reasons stated the judgment on the demurrer in favor of the defendant for costs, will be affirmed.   Sec. 1, Art. 8 of Constitution of State; Sec. 22, page 28, Baltimore City Charter.

*Judgment affirmed, with costs.*