HOWARD E. McINTYRE ET AL. *v.* BOARD OF
EDUCATION OF KENT COUNTY

[No. 1530, September Term, 1982.]

*Decided June 16, 1983.*

The cause was argued before Lowe, Alpert and Bloom, JJ.

*Ellen M. Heller, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* on the brief for appellant Maryland State Board of Education; *Edward W. Dolan* and *N. Arthur Sloan* on the brief for appellants McIntyre and Groce.

*Elise Davis* for appellee.

Lowe, J., delivered the opinion of the Court.

The sole issue that we are asked to answer in this appeal from the Circuit Court for Kent County is:

> "Does the Maryland State Board of Education have the authority to interpret the regular teacher's contract which is one of its bylaws set forth in COMAR 13A.07.02.01B?"

The issue arose because of the transfer of three tenured school employees who are administrators of the Kent County school system. These transfers to lower paying positions were effective July 1, 1981, and the administrators rely upon their contracts' provision that if a transfer is made "during the school year or after the opening of the school for any year, the salary not be reduced for the remainder of the year." The term "school year" then takes on substantial significance since appellant administrators argue that the school year is the same as the State's fiscal year which begins 12:01 a.m. on July 1 of each calendar year and continues through midnight on June 30 of the succeeding calendar year. *See* Md. Ann. Code, Art. 81, § 29A (b) (1957, 1980 Repl. Vol.). In short, they contend that they are entitled to

be paid at their previous higher rate for an additional full year. The County Board, however, replies that a "school year" in Maryland runs from late August or early September to mid-June.

For resolution of the dispute, the administrators looked to the Administrative Procedure Act, Md. Ann. Code, Art. 41, § 250 (1957, 1982 Repl. Vol.), which provides:

> "On petition of any interested person, the agency may issue a declaratory ruling with respect to the applicability of any rule, order, or statute enforceable by it to any person, property, or statement of facts. If issued a declaratory ruling is binding between the agency and the petititioner on the state of facts alleged. Such a ruling is subject to review in the circuit court of the county in the manner hereinafter provided for the review of decisions in contested cases. Each agency shall prescribe by rule the form for such petitions and the procedure for their submission, consideration, and disposition."

Relying upon the authority conferred by the foregoing statute, the administrators petitioned the State Board of Education for a declaratory ruling to determine the definition of the term "school year", as used in their employment contracts with the County Board. The employment contracts are of a standard form required by the State Board to be used by county boards. COMAR 13A.07.02.01B clearly states that ". . . the form entitled 'Regular Contract' shall be used and others may not be recognized." The section immediately following sets forth the approved "Regular Contract."

Prefatorily, we note that this rule or regulation, as set forth in COMAR 13A.07.02.01B, was addressed but not reproduced for us, nor was the authority or procedure for its enactment questioned in any of the proceedings below or on appeal. To the contrary, the County Board concedes that:

> "[t]here is no question but that the Maryland State Board of Education can force the Board of Education of Kent County to use the contract in issue

because the [County] Board of Education must abide by the bylaws of the Maryland State Board of Education (See Education Article § 2-205 (c))."

That concession goes to the heart of the appeal.

Despite the County Board's strenuous protestations to the State Board that the latter had no jurisdiction to interpret the language of the contract, the State Board ruled in favor of its own jurisdiction and declared

"that to have a consistent meaning throughout the contract, and in line with the pattern and practice in Maryland, 'school year' must mean the service year, i.e. the period of time an employee is obligated to perform duties for a particular school system including teaching and non-teaching duties."

From that declaration, the County Board's appeal to the Circuit Court for Kent County reemphasized its protest (as summarized by the circuit court):

"1) that the State Board had no jurisdiction to interpret a contract; [and added] 2) that the State Board ignored standard rules of construction for interpreting contracts; 3) that the State Board ignored the statutory definition of a 'school year' set forth in Education 7-103; 4) that the State Board ignored the jurisdiction of the County Board to appoint Principals; 5) that the State Board ignored the 'law' that a Principal does not have a tenure as an administrator but only as a classroom teacher; 6) the State Board ignored the statutory scheme for compensation of Principals."

The circuit court reached only the jurisdictional issue, finding that

"the State Board did not have jurisdiction to entertain the Petition for Declaratory Rulings pursuant to Article 41, Section 250. Therefore, the aforesaid opinions of the State Board were in excess of its

statutory authority or jurisdiction, contrary to Article 41, Section 255 (f) (2), and do not represent a binding determination of the rights of Petitioners and the Local Board under their several contracts."

Although the result was that sought by the County Board, the circuit court was not persuaded by its arguments that the issue was a purely legal question, the deciding of which was beyond the State Board's authority. The judge explained that

"[b]y definition, any rule, order or statute would imply that a legal aspect is involved. If the State Board were to decline every request under Section 250 which 'involves a legal question,' there would be few matters on which it could give a declaratory ruling and the purpose of the statute would be frustrated instead of furthered."

Although the County Board alternatively repeated its "legal question" contention here to support the circuit court's favorable result, that ruling was not the subject of cross-appeal and we will not comment upon it beyond a passing nod acknowledging its common sense logic. We do not agree, however, with the judge's subsequent reasoning or result.

He correctly surmised that a ruling under Art. 41, § 250 must relate to the applicability of a rule, order or statute enforceable by the State Board. He reflected that "[t]he mere fact that the State Board may have prescribed the form of the contract does not vest it with authority under Section 250 to enforce or apply all contracts entered into by *other parties* using that form . . . ." (emphasis added), relying on *Billmyre v. Sacred Heart Hospital,* 273 Md. 638, 331 A.2d 313 (1975).

But *Billmyre* is clearly not apposite here. That case dealt with the interpretation of a sentence in a contract between a hospital and an employee, hired as coordinator-instructor in the hospital's nursing school. Commenting upon what appears to have been argued (that the hospital contract

tracked the language of the State Board of Education contract), Judge Singley noted that "the parties may have unwittingly embraced a Procrustean resolution of their purpose — but there can be no doubt as to what meaning should be given the sentence . . . ." *Id.* at 642, 331 A.2d at 316. Such reflection clearly adheres to contract interpretation law, that clear and unambiguous language will not give way to what the parties thought it meant or intended it to mean. Nevertheless, it does not address the significance of the State Board's prescribed contract.

We are not here dealing with mere contractual interpretation. Furthermore, we are not persuaded by appellee's argument in its brief that because the State Board is not a party to the contract, it has no jurisdiction to enforce its interpretation of it. Such an argument, even when addressed to a court solely interpreting and enforcing ordinary contracts, may be unavailing; however, what both judge and appellee have overlooked here is that the State Board did not merely "prescribe the form of the contract," it *compelled* that precise contract and proscribed the use of any deviation therefrom. Its authority to do so is substantial and undisputed in this case. The State Board is directed to adopt bylaws, rules and regulations for the administration of public schools, which have the force of law, Md. Educ. Code Ann. § 2-205 (c) (1978), and it is empowered and directed to interpret them, to explain the true intent and meaning of the school law, and to decide all controversies and disputes that arise under it, with the decision being final. Md. Educ. Code Ann. § 2-205 (e) (1978); *Resetar v. State Board of Education,* 284 Md. 537, 556, 399 A.2d 225, 235, *cert. denied,* 444 U.S. 838 (1979). *See Wilson v. Board of Education,* 234 Md. 561, 565, 200 A.2d 67, 69 (1964).

There would be little purpose in permitting the State Board authority to compel by rule, regulation or bylaw the use of a precisely worded contract, without deviation, then say that despite its unprecedented authority to interpret the meaning of its own school laws, the same authority did not apply to the interpretation of its prescribed contracts. The

very purpose of that authority is to provide uniformity throughout the State and indeed, in the language of Judge Singley, to provide a "Procrustean resolution".

So awesome is the authority of the State Board that even if the language of that contract were less ambiguous than it appears, or were understood to have had an agreed meaning by both parties, the State Board's explanation of the true intent and meaning of its enactment would prevail. The trial judge's error seems to have arisen from viewing the contract as a recommended standard form, rather than one mandated by Board rule to be applicable in all county-teacher contracts.

Concluding, we note that appellee has relied upon *Board of Education v. Cearfoss,* 165 Md. 178, 166 A. 732 (1933), and other cases,[1] for language to the effect that Educ. Art. § 2-205 (e) does not confer upon the State Board the power to determine purely legal questions and that this restriction should apply to Art. 41, § 250 as well. The simple answer rests in the contradictory arguments appellee sets forth. It reasons on the one hand (as did the judge) that only parties to a contract can interpret and enforce its terms, and on the other, that such interpretation is purely a legal question. But this case sits in neither pigeon hole. It is a contract prescribed by force of administrative regulatory authority and, as such, is interpretable not only under Art. 41, § 250, but under Educ. Art., § 2-205 (e) as well. Any limitations upon an agency's § 250 right to declare or rule with respect to the applicability of its rules, etc., is determined by the scope of its own rulemaking authority. If the State Board in this case may not decide what it meant in its regulatory-required contract by the term "school year," neither of the statutory authorizations found in Educ. Art. § 2-205 (e) or in Art. 41, § 250 would have any meaning.

---

1. The County Board also cites Resetar v. State Bd. of Educ., 284 Md. 537, 399 A.2d 225, *cert. denied,* 444 U.S. 838 (1979); School Comm'rs v. Henkel, 117 Md. 97, 83 A. 89 (1912); and Duer v. Dashiell, 91 Md. 660, 47 A. 1040 (1900). Neither *Cearfoss, supra,* nor any of the just-cited cases support the proposition that when a "purely legal" issue is involved, the State Board is without jurisdiction to decide it. In *Resetar,* the Court affirmed the agency's

Finally, we are troubled that the State Board has joined the individual appellants as an appellant in this appeal. We fail to see how that agency, having functioned in a quasi-judicial capacity, can appeal from a reversal of its own decision by the circuit court. *Maryland Board v. Armacost,* 286 Md. 353, 407 A.2d 1148 (1979). For that reason we will dismiss *its* appeal, although that will not affect our result since the individual appellants do have proper standing to appeal.

> *Judgment reversed.*
> *Appeal of the Maryland State Board of Education dismissed.*
> *Case remanded to the Circuit Court for Kent County for determination of the issues unaddressed.*
> *Costs to be paid by the Board of Education of Kent County*

---

action of dismissing a teacher for misconduct. In so doing, the Court limited its scrutiny to an "arbitrary and capricious" standard of review, even though interpretation of the statutory standard for dismissal, *i.e.,* "misconduct in office" was central to the case. *Resetar, supra,* 284 Md. at 553, 399 A.2d at 233. *Cearfoss, Henkel,* and *Duer,* in spite of their dicta, *held* merely that administrative jurisdiction was not so exclusive as to deprive the circuit court of original jurisdiction in these cases.