474 A.2d 941

**COMPTROLLER OF the TREASURY**

v.

**Muriel T. MYERS, Successor of Interest of Thomas A. Myers, Jr.**

**No. 1040, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

May 10, 1984.

James F. Truitt, Jr., Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., and Gerald Langbaum, Asst. Atty. Gen., on the brief, for appellant.

Charles F. Morgan, Baltimore, for appellee.

Argued before WILNER, WEANT and BISHOP, JJ.

WILNER, Judge.

For the second time, the Comptroller of the Treasury complains to us that he has been improperly thwarted in his effort to discharge Thomas A. Myers, Jr. from employment. On the first occasion, he was thwarted by the Secretary of Personnel who, though finding a violation of Personnel Rule .47E (COMAR 06.01.01.47E: That the employee has been wantonly offensive in his conduct toward fellow employees, wards of the State, or the public), nevertheless, in an order dated April 19, 1979, imposed a sanction of only thirty days suspension. When the Baltimore City Court (now the Circuit Court for Baltimore City) affirmed that order, the Comptroller appealed.

In an unreported opinion, we remanded the case for further proceedings. *Comptroller of the Treasury v. Myers*, S.T.1979, No. 1316, Op. filed June 12, 1980. The crux of the charges filed by the Comptroller was that Myers had attempted surreptitiously to tape record an interview with his supervisor regarding a possible promotion. Myers conceded that he had in fact commenced to record the conversation without the supervisor's knowledge or consent and acknowledged that what he had done was wrong. When the supervisor heard a "beeping" sound coming from the recorder and discovered what he was doing, Myers stopped the recording, erased what had already been recorded, and apologized. In discussing the event and its consequences, the Secretary of Personnel expressed the belief that, whatever else the attempted taping might be, it was not illegal, at least not until a court determined it so to be. He balanced what he found was "the single admittedly

wrong act" against Myers' "many years of unblemished State service," and decided that dismissal was too harsh a penalty.

We disagreed with the Secretary's determination that the taping was not illegal. We concluded that the taping did indeed constitute a criminal violation of the State wiretap law (Md.Code Ann.Cts. & Jud.Pr. art., § 10–402(a)(1)), and that it could be regarded as illegal even without adjudication in a criminal action. We therefore remanded the case so that the Secretary, in light of that conclusion, might reconsider his decision as to the appropriate sanction. We noted in our opinion that Myers had not raised the question of whether the Comptroller had standing to appeal either the decision of the Secretary of Personnel or the trial court judgment affirming it, and we therefore did not address that issue.

The case returned to the Secretary of Personnel. On November 6, 1980, the Secretary approved an order prepared by his Employee Relations Arbitrator removing Myers from State service effective the next day, November 7, 1980. Though acknowledging that Myers had in fact been reinstated following the April, 1979 order, and that he had done nothing offensive since then, the Secretary nevertheless concluded that the commission of an act, stemming from Myers' employment, that we had held to be unlawful "severely compromises the employer-employee relationship particularly in so sensitive an office as the Comptroller of the Treasury and this compels the removal of the offender."

Myers appealed, but on January 3, 1981, before the court was able to consider the appeal, he died. That, of course, resolved with absolute finality the question of his continued employment, but it did not render the case entirely moot. Under the State Employees' Retirement System law, Md. Code Ann. art. 73B, § 11(9), when a "member in service" dies, his estate or his spouse is entitled to a certain death benefit. If the Secretary's decision removing Myers from State service as of November 7, 1980, were upheld, Myers'

estate or spouse would not be entitled to that benefit, because he would not have been a "member in service" at the time of his death. If, on the other hand, that order were reversed, one or the other of those beneficiaries might be entitled to the benefit. Thus, Myers' Personal Representative was substituted as the appellant and the case proceeded in the Baltimore City Court.

Both parties agreed that the Secretary's decision was procedurally deficient. Md.Code Ann. art. 41, § 253, which is part of the Administrative Procedure Act, provides that when, in a contested case, the official who is to render the final decision has not heard the evidence, the decision, if adverse to a party, may not be made until a "proposal for decision," including findings of fact and conclusions of law, has been served upon the parties and the parties are afforded an opportunity to file exceptions and present argument to the person or persons who are to render the final decision. Apparently, that was not done. The Employee Relations Arbitrator heard the evidence and prepared findings, conclusions, and a decision, and the Secretary approved the same without the required notice and opportunity to except and present argument.[1] Accordingly, the court, on March 20, 1981, vacated the November, 1980 order and remanded the matter to the Secretary "for such further proceedings as are proper."

When the case returned to the Secretary, it was referred again to the Employee Relations Arbitrator, who, on May 14, 1981, issued a "Proposal For Decision," containing certain "proposed findings of fact" and "proposed conclusions of law," all leading to a reaffirmation of the 1980 determination that Myers be removed effective November 7, 1980.

---

1. Md.Code Ann. art. 64A, § 33 permits the Secretary to appoint a person or board to "hear, investigate and determine" charges filed against an employee, subject to his approval. By COMAR 06.01.01.63, the Secretary has delegated his authority to conduct hearings to the Director of the Employer-Employee Relations Division and has further empowered that official to subdelegate that authority to a hearing officer.

On May 28, 1981, in a letter to the Arbitrator, counsel for Myers [2] noted exceptions to the Proposal and requested argument before the Director of the Division of Employer-Employee Relations, Charles R. Hennick.

Argument was held before Mr. Hennick on June 29, 1981. Pursuant to leave granted by Mr. Hennick, the Comptroller filed a post-hearing memorandum on September 17, 1981, and Myers filed a reply memorandum on October 6, 1981. Further oral argument was heard November 4, 1981. Nothing more happened until March 9, 1982—125 days later—at which time Mr. Hennick issued an "Order Of The Director" permanently removing Myers from State service as of November 7, 1980. In this order, Mr. Hennick adopted "all proposed findings of fact and conclusions of law as final findings of fact and conclusions of law"; he also discussed and rejected certain additional legal arguments raised in Myers' exceptions. The order was not, however, submitted to the Secretary of Personnel for his review, and was never officially considered or approved by him.

On April 8, 1982, Myers filed an appeal to the Baltimore City Court "from the order of the Director entered on March 9, 1982...." In his Petition of Appeal, among many other complaints, Myers claimed that the order of the Director was (1) in violation of Md.Code Ann. art. 64A, § 33 and COMAR 06.01.01.61C, which require the Secretary to make the final decision to remove a classified employee from State service, (2) in contravention of our decision of June, 1980, remanding the case for the *Secretary* to reconsider his April, 1979 order, and (3) in violation of art. 64A, § 33 and COMAR 06.01.01.61C in that the decision was rendered more than forty-five days after the final proceedings before the Director on November 4, 1981.

The court, by order dated June 14, 1983, agreed with the first of these claims, concluding that "the clear legislative

---

**2.** For convenience, we shall continue to refer to the party in interest— *i.e.,* the Personal Representative—as "Myers."

intent [in § 33] is that the Secretary of Personnel be personally involved in the removal decision" and "[h]ad the Secretary reviewed the exceptions taken by [Myers] to the Proposal for Decision, he may have decided to modify his November 6, 1980, decision." Accordingly, the court vacated the order of the Director and remanded the case to the Secretary of Personnel "for further proceedings consistent with this Opinion." We presume by that the court meant for the Secretary personally to review the findings and conclusions of the Director.

On July 12, 1983, an appeal was noted "on behalf of the State of Maryland, Comptroller of the Treasury, Appellant." The order for appeal was signed by counsel to the Department of Personnel, counsel to the Comptroller, and Chief General Counsel in the Attorney General's Office.

(1) *Right Of Appeal*

Myers' initial response to this appeal was a motion to dismiss on the basis that neither the Secretary of Personnel nor the Comptroller has standing to appeal the judgment of the Circuit Court.

Although, as we have noted, counsel to the Department of Personnel signed the order for appeal (and, curiously, the State's answer to the motion to dismiss), it does not appear that the Secretary or the Department of Personnel actually regards himself or itself as an appellant. Indeed, in the answer to the motion, it is conceded that, since it was acting in a quasi-judicial capacity, "the Department would lack standing necessary to challenge the Circuit Court's decision in this case." The Secretary has no greater standing in this regard than the Department, but, to the extent that there may be any doubt as to their status, we shall resolve that doubt by concluding that neither the Secretary nor the Department has standing to bring or to join this appeal.

Subject to change by the General Assembly, it is well settled that,

"when an agency exercises a quasi-judicial function... it is not a party to the proceeding before it or before an

appellate body authorized to review its decision, and it has no judicially cognizable interest in what happens to that decision. Absent some special statutory authorization, therefore, it does not have the right to appeal the judgment or determination of the appellate body to protect *its own decision."* (Emphasis in original.)

*Md. Port Adm. v. C.J. Langenfelder & S.,* 50 Md.App. 525, 533–34, 438 A.2d 1374 (1982), and cases cited therein; also *Maryland Board v. Armacost,* 286 Md. 353, 407 A.2d 1148 (1979); *McIntyre v. Bd. of Ed. of Kent County,* 55 Md.App. 219, 226, 461 A.2d 63 (1983). The Secretary and the Department are in precisely that position, which is why they lack standing to appeal.

■ The Comptroller, however, has a quite different status. It is clear from the relevant statutes and regulations that the proceeding before the Department of Personnel is a "contested case" within the meaning of the Administrative Procedure Act (art. 41, § 244(d)) in that the legal right or entitlement of the employee to his continued employment, not to mention the right of the appointing authority to discharge him, is required by art. 64A, § 33 to be determined after a hearing. It is also clear that the "appointing authority," in this instance the Comptroller, is a party—indeed, the moving party—to that proceeding. He initiates the proceeding by filing charges against the employee, and he has the burden of proving those charges. COMAR 06.01.03.05. The proceeding, in reality, is a two-party affair—the appointing authority (accuser) and the employee (accused)—and throughout the Department's regulations governing hearing procedures, the appointing authority is not only regarded as, but is actually denoted, a "party" to the proceeding. *See* COMAR 06.01.03.04 and .15–.21. It is entitled to notice and has the right to present evidence and argument, make motions, and propose findings and conclusions. It has essentially all the rights accorded the employee.

In this regard, the Comptroller has a status analogous to that of the Maryland Port Administration in the *Langen-*

*felder* case, *supra*, 50 Md.App. 525, 438 A.2d 1374; he is not deprived of his status as an interested party merely because his rights are being adjudicated by another State agency. The Comptroller was a party to the administrative proceeding, and therefore was a party in the Circuit Court. Indeed, Myers treated him as such, serving upon him all pleadings, entering into a stipulation with him regarding the filing of his memorandum of law, and making no objection to his full participation in that phase of the judicial proceeding. As the Comptroller was a party in the Circuit Court and was clearly aggrieved by the judgment entered by that court, he has standing to bring this appeal.

Accordingly, we shall grant appellant's motion to dismiss as to the Secretary and Department of Personnel, but deny it as to the Comptroller.

(2) *Final Action By Secretary*

Art. 64A, § 33 deals with the "separation" of classified employees. It provides, in relevant part, that charges filed by an appointing authority,

"shall within ninety days after filing, be heard, investigated and determined by the Secretary or by some person or board appointed by the Secretary to hear, investigate and determine the same. The Secretary of Personnel shall render his decision within 45 days after a hearing is held before him or his authorized representative or within 45 days after all legal memoranda or briefs have been filed.

The finding and decision of the Secretary or of such person or board *when approved by the Secretary* shall be final, and shall be certified to the appointing authority and shall be forthwith enforced by such authority." (Emphasis supplied.)

This statute, read literally and sensibly, permits but one conclusion: although the Secretary may delegate to an appointee his authority to hear, investigate, and determine charges brought against a classified employee, the decision of that appointee is not final until approved by the Secretary. The Secretary's regulations, though somewhat am-

biguous, seem to support that interpretation. COMAR 06.-01.03, which deals generally with "Hearings Practices and Procedures" permits the Employer-Employee Relations Division of the Department or the Secretary's designated representative to exercise whatever authority under that regulation that is given to the Secretary. *See* COMAR 06.01.03.01, defining "Secretary" as including those subordinate entities and officials.

COMAR 06.01.01, however, which sets forth the body of personnel regulations, defines "Secretary" as "the Secretary of Personnel" and no one else. COMAR 06.01.01.63 delegates to the Director of the Employer-Employee Relations Division "all authority vested in the Secretary to conduct hearings" and permits the Director to "sub-delegate authority to a hearing officer to conduct a hearing and submit written findings of fact and proposed conclusions of law to the Director...." It also states that "[e]very hearing, appeal, or investigation shall be conducted according to COMAR 06.01.03."

COMAR 06.01.01.61, which governs specifically the removal of a classified employee, is more restrictive. It requires "the Secretary or his designated representative" to investigate charges for removal within ninety days of the filing of the charges, and permits either to postpone the hearing. But, in discussing the actual *decision*, the regulation says nothing about a "designated representative." It provides, in paragraphs C, D, and E:

"C. The *Secretary* shall render his written decision within 45 calendar days after a hearing is held before him or his designated representative, or within 45 calendar days after all legal memoranda or briefs have been filed. If the employee does not appeal the charges within the 10-day period set forth in § A, or if the employee does not appear at the scheduled hearing, the *Secretary* shall uphold the removal of the employee.

D. After the hearing, the *Secretary* shall act upon the charges, and may decide to:

(1) Restore the employee to his position without loss of pay;

(2) Suspend the employee without pay for a specified period of time;

(3) Demote the employee;

(4) Remove the employee from the position and the classified service;

(5) Require that other action be taken as indicated by the findings in the case.

E. The finding and decision of the *Secretary* are final. The *Secretary* shall certify the finding and decision to the appointing authority. The appointing authority shall enforce the finding and decision." (Emphasis supplied.)

It is clear from all of this that, in terms of making the ultimate decision on removal of a classified employee, the Secretary is not only not authorized to delegate that responsibility, but he has not, in fact, purported to do so. The conclusion of the Circuit Court that the Secretary had to be "personally involved in the removal decision" is therefore an understatement. The Secretary was required to approve the decision, and absent such approval the decision is not final.

The appeal to the Circuit Court was taken by Myers pursuant to art. 41, § 255 and Ch. 1100, Subt. B of the Maryland Rules. Section 255(a) permits judicial review only of a "final decision" in a contested case. Rule B1 also makes clear that the Subt. B rules apply only to the review of a "final action of an administrative agency." Until the decision or action is "final," there is no right of judicial review. *Md. Comm'n on Human Rel. v. B. G. & E. Co.*, 296 Md. 46, 51–52, 459 A.2d 205 (1983), and cases cited therein. There being by law and by Myers' own admission no final action or decision by the agency, the court should not have entertained the appeal and acted to vacate the Director's order. It was obliged simply to dismiss the appeal as being unauthorized by law. We shall remand the case for that purpose.

When the Secretary, pursuant to § 33 and his own regulations, considers the findings and conclusions made by the Director and makes the final decision, the court may, in any subsequent appeal, if there is one, deal with such other issues as may properly be presented. Although technically we shall reverse the judgment below because it is procedurally incorrect, as we agree with the underlying rationale used by the court in reaching its judgment and as the effect of our decision is not substantially different than the effect of the lower court judgment, we shall, in our discretion, assess costs against appellant.

JUDGMENT REVERSED; CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY FOR ORDER DISMISSING ADMINISTRATIVE APPEAL; APPELLANT TO PAY THE COSTS.