571 A.2d 840

MARYLAND COMMISSION ON HUMAN RELATIONS

v.

MASS TRANSIT ADMINISTRATION.

No. 1092, Sept. Term, 1989.

Court of Special Appeals of Maryland.

March 29, 1990.

Michael L. Foreman (Sally L. Swann, on the brief), Baltimore, for appellant.

Rebecca A. Laws (Joseph S. Kaufman, on the brief), Baltimore, for appellee.

Argued before GILBERT, C.J., and MOYLAN and ROSALYN B. BELL, JJ.

GILBERT, Chief Judge.

We are asked to determine if the Maryland Commission on Human Relations (MCHR) is entitled to appeal an adverse decision made by its own Appeal Board, an integral part of itself. Before answering the question, the extraordinary procedural background of this case must be reviewed.

MCHR filed a statement of charges in 1984 against the Mass Transit Administration (MTA) for alleged unlawful discrimination in employment practices. The charges were based on a complaint filed with MCHR by Mark Dungee.[1] The latter asserted that the MTA denied him employment as a security guard because of a physical handicap. The MCHR's Hearing Examiner, after a public hearing followed by a delay of approximately thirty months, determined that the MTA violated Md.Ann.Code art. 49B by not hiring Mr.

---

1. Mr. Dungee is not a party to this appeal.

Dungee. The MTA promptly appealed the decision to the MCHR's Appeal Board.[2]

The Appeal Board reversed the decision of the Hearing Examiner. By way of some sort of ultraism, MCHR then appealed its own decision to the Circuit Court for Baltimore City (Ward, J.). MTA moved to dismiss the appeal; and, after a hearing on the motion, Judge Ward dismissed the case. Aggrieved at the dismissal of its appeal, MCHR seeks relief in this Court.

### The Law—Right of Appeal

We held in *Comptroller v. Myers*, 59 Md.App. 118, 124–25, 474 A.2d 941 (1984), that

" 'when an agency exercises a quasi-judicial function ... it is not a party to the proceeding before it or before an appellate body authorized to review its decision, and it has no judicially cognizable interest in what happens to that decision. Absent some special statutory authorization, therefore, it does not have the right to appeal the judgment or determination of the appellate body to protect *its own decision.*' (Emphasis in original.) *Md. Port Adm. v. C.J. Langenfelder & S.*, 50 Md.App. 525, 533–34, 438 A.2d 1374 (1982), and cases cited therein; also *Maryland Board v. Armacost*, 286 Md. 353, 407 A.2d 1148 (1979); *McIntyre v. Bd. of Ed. of Kent County*, 55 Md.App. 219, 226, 461 A.2d 63 (1983)."

MCHR's statutory mandate is found in Md.Ann.Code art. 49B. There, the Legislature carefully delineated the duties and powers of MCHR, its Executive Director, the hearing examiners, general counsel, and "outside" legal advisors,[3]

---

**2.** COMAR 14.03.01.08 D. provides that the chairperson of the Commission "shall select an Appeal Board consisting of three Commissioners to hear the appeal...."

COMAR 14.03.01.08 F. states: "The Appeal Board may affirm, reverse or modify the ... [the Hearing Examiner's decision] in accordance with" the applicable statute and "shall issue a final decision and order ...," which is subject to "judicial review."

**3.** *See* Md.Ann.Code art. 49B, § 2.

as well as the handling of appeals from hearing examiners.[4] The statutory scheme is absolutely silent as to authorizing the MCHR to seek judicial review of its own decisions.

Nevertheless, MCHR seeks to justify its appeal by pointing to *Md. Port Adm. v. C.J. Langenfelder & Son, Inc.*, 50 Md.App. 525, 438 A.2d 1374 (1982). *Langenfelder*, however, is inapposite.

In *Langenfelder*, we observed that the Legislature specifically created a Board of Contract Appeals as a separate unit of the Department of Transportation. That Board has had conferred upon it certain enumerated powers, and it was provided that the Administrative Procedures Act applied to proceedings before the Board of Contract Appeals. Moreover, the Board had jurisdiction over all disputes involving the decisions of other agencies of the Department of Transportation.

Moreover, *Langenfelder* further differs from the instant case in that the Department of Transportation may, by statute, appeal from its own Board of Contract Appeals. No similar provision is found in the legislation dealing with MCHR.

We were told on oral argument that the Executive Director decided that the Appeal Board's decision should be appealed to the circuit court and thence here. What authority the Executive Director has to appeal the case is not explained.

The MCHR argues that *Consumer Protection v. Consumer Pub. Co.*, 304 Md. 731, 501 A.2d 48 (1985), compels us to hold that MCHR is the type of administrative agency that is "so identified with the execution of some definite public policy as the representative of the State, that their participation in litigation affecting their decisions is regarded by the Legislature as essential to the adequate protection of the State's interests." *Board of Zoning Appeals v.*

---

4. *Id.*, § 3.

*McKinney*, 174 Md. 551, 561, 199 A. 540 (1938). We disagree.

In *Consumer Protection*, the Court of Appeals noted that

"[t]he Consumer Protection Division of the Office of the Attorney General is not the kind of non-adversarial, quasi-judicial agency contemplated by *McKinney*, *[Maryland Pharmacy Bd. v.] Peco* [234 Md. 200, 198 A.2d 273 (1964)]* and their progeny. The Division is part of the Attorney General's office, and the ultimate administrative authority is the Attorney General himself. The Attorney General is a constitutional officer, Maryland Constitution, Art. V, whose duties include prosecuting and defending cases on behalf of the State in order to promote the State's policies and protect its rights. *State v. Burning Tree Club*, 301 Md. 9, 34, 481 A.2d 785 (1984). The Consumer Protection Division acts as an arm of the Attorney General, entrusted with broad powers to enforce and interpret the Consumer Protection Act, Code (1975, 1983 Repl.Vol.), Title 13 of the Commercial Law Article, and with a mandate to protect and promote the welfare of consumers."

*Consumer Protection*, 304 Md. at 744–45, 501 A.2d 48.

█ The difference between the Consumer Protection Division and MCHR is that the Executive Director of the MCHR, not the Attorney General of the State, ordered the appeal. The Executive Director, unlike the Attorney General, is not a constitutional officer; nor is the director authorized to prosecute cases on behalf of the State so as to promote the State's policies. By making the Consumer Protection Division part of the Attorney General's Office, the Legislature determined that protection of the consumer is in the State's interest. To enforce its determination, the General Assembly authorized the Attorney General to act in consumer matters on behalf of the State as a civil prosecutor. The Legislature has not, as yet, elevated MCHR to that stature.

MCHR's statutorily prescribed goal is to eliminate discrimination based on race, color, national origin, religion, sex, marital status, physical or mental handicap, and age. It is mandated by Md.Ann.Code art. 49B, § 3 "to make such surveys and studies concerning human relations, conditions, and problems as it may determine, and to promote in every way possible the betterment of human relations." Discrimination in employment is prohibited by art. 49B, § 16.

■ The MCHR consists of nine members appointed by the Governor, with the advice and consent of the Senate, to six year terms. Art. 49B, § 1. The Executive Director is appointed by the Governor from a list of five persons submitted by the Commissioners. The director is removable by the Governor upon recommendation of two-thirds of the Commissioners. Art. 49B, § 2. It is the director's responsibility on a day-to-day basis to see that the Commission's mission is accomplished. We think it abundantly clear that the Executive Director works for the Commission and is subject to the control of the Commission.

■ As previously noted, we were informed by MCHR's counsel on oral argument that the Executive Director ordered this appeal. COMAR 14.03.01.01 G. provides:

" 'Party.' As used in Regulation .07, the word 'party' means the Maryland Commission on Human Relations or the respondent. As used in Regulation .08, the word 'party' means the Maryland Commission on Human Relations, the respondent, the complainant, as well as any person clearly identified in the record of the proceedings before the hearing examiner as having an interest in the disposition of the complaint."

Significantly, COMAR does not include MCHR's Executive Director as a "party." To permit the Executive Director to appeal her own Commission's decision would result in a usurpation by the director of the Commission's powers. The Legislature, we think, never intended that the Executive Director function separately and distinctly from the Commission. We hold that the Executive Director has

only the powers conferred by the Commission; and, in the absence of express authority to appeal on behalf of the Commission, the Executive Director may not note an appeal.

■ Even if we assume *arguendo* that the Executive Director possessed the authority to appeal the decision of the Commission's Appeal Board, we are then left with the question of whether MCHR may appeal its own decision. We believe it cannot. Allowing it to do so could conceivably result in a court's handing down advisory opinions or, at a minimum, placing its judicial imprimatur on each and every decision made by MCHR's Appeal Board or, at least, those decisions that the Commission would convert into case law. That arrangement would allow MCHR to establish a whole body of case law.

■ It is, as previously observed, well established in this State that an administrative agency that acts in a quasi-judicial capacity, absent statutory authority, cannot take an appeal from its own adverse decision. In *Board of Zoning Appeals v. McKinney*, 174 Md. at 562, 199 A. 540, the Court of Appeals stated:

"Apart from legislative authority, it would seem clear that the Board has no more right to appeal from its own decisions to the Baltimore City Court, or, from the decisions of that court to the Court of Appeals, than a justice of the peace, or such an agency as the State Industrial Accident Commission, would have to appeal from the judgments of a court reversing their decisions."

Stated more emphatically, neither the MCHR nor its Executive Director may appeal a decision by the Commission.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.