586 A.2d 804

**Junius EATON**

v.

**The ROSEWOOD CENTER, et al.**

**No. 780, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

March 5, 1991.

Sloane I. Fried (J. Edward Davis, on the brief), Towson, for appellant.

Dawna M. Cobb, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Alice D. Ike, Asst. Atty. Gen., on the brief), Baltimore, for appellees.

Argued before MOYLAN, BLOOM, and DAVIS, JJ.

BLOOM, Judge.

The central issue involved in this appeal is whether the Secretary of the Department of Personnel of Maryland has the authority to reverse a Decision and Order of her desig-

nee, to whom she had delegated "all authority to approve proposals for decisions" in cases involving appeals of charges for removal of classified state employees.

The Circuit Court for Baltimore County (Nickerson, J.) held that, despite the Secretary's delegation of authority to a designee, the Secretary retained the authority to reverse the final decision of the designee, which approved a ten-day suspension of appellant, Junius Eaton, without pay, and to order the "separation" of appellant from his employment at The Rosewood Hospital Center. Nevertheless, the court reversed the Secretary's Order and remanded the case for a hearing regarding the acceptance and effect of an *ex parte* communication. Appellant contends that the Secretary of Personnel lacked jurisdiction to reverse the decision of her designee and therefore the trial court abused its discretion in remanding the case for further proceedings instead of merely revising the Secretary's decision and reinstating that of the designee.

Perceiving no reversible error, we shall affirm the judgment.

### Facts

On 6 June 1988, appellant, who had been employed as a Direct Care Worker IV at The Rosewood Hospital Center [1] since 9 May 1984, was accused of physically abusing a patient. Charges for removal of appellant from his position were filed on 10 June 1988. A disciplinary hearing was held on 3 March 1989 before a hearing officer, Mary Shock, at the Department of Personnel. Both appellant and Rosewood were represented by counsel at that hearing. On 25 May 1989, the hearing officer, having found that appellant had slapped a patient's hands, issued a Proposal for Decision wherein she recommended that the charges for removal be dismissed, that appellant be suspended without pay

---

1. Rosewood Hospital Center is a state residential facility for individuals who suffer from severe mental retardation.

for ten days beginning 6 June 1988, and that he be reinstated with back pay except for the period of suspension.

Appellees, The Rosewood Hospital Center and the Department of Health and Mental Hygiene, filed timely exceptions to the proposal, and on 12 July 1989 an exceptions hearing was held before Ms. Jeanne M. Zarnoch, to whom the Secretary had delegated all authority to approve proposals for decisions in various cases. On 19 July 1989, Ms. Zarnoch issued an Order of the Secretary, in which she adopted the hearing officer's proposal and ordered that appellant be reinstated. Appellees did not appeal this order to the circuit court. On 24 July 1989, however, Ms. Zarnoch issued a stay of her order after receiving a letter, dated 11 July 1989, from Dr. Allan M. Radinsky, Facility Director of The Rosewood Hospital Center, in which he objected to the hearing officer's conclusion that the abuse inflicted by appellant was not sufficiently serious to warrant his dismissal and requested that the Proposal for Decision be reconsidered.

Ms. Zarnoch received the letter on 21 July 1989 and treated it as a motion for reconsideration pursuant to Code of Maryland Regulations 06.01.03.20 (1989). After issuing the stay, Ms. Zarnoch informed appellant of her decision and provided him with a copy of the letter and a period of 15 days in which to respond to the arguments raised therein.

Appellant objected to the stay of the 19 July 1989 Order and requested a hearing regarding the acceptance and effect of the letter, which he argued was an improper *ex parte* communication. No hearing was held regarding the letter, however, and Ms. Zarnoch refused to rescind her stay. Thereafter, by a letter dated 27 July 1989, appellant addressed the issues raised by Dr. Radinsky and reiterated his opposition to any reconsideration of the 19 July Order. A final Order was issued by the Secretary of Personnel, Hilda E. Ford, on 14 August 1989, wherein she rejected the 25 May Proposal for Decision, overruled the 19 July order of Ms. Zarnoch, terminated appellant from his position as a

Direct Care Worker, and barred him from future employment with the Department of Health and Mental Hygiene until June 1991. After his subsequent requests for reconsideration were denied, appellant filed an appeal with the Circuit Court for Baltimore County, pursuant to Md. Rule B2, in which he argued that Secretary Ford had no jurisdiction to issue the Order of 14 August and that Dr. Radinsky's letter was an improper *ex parte* communication that should not have been considered.

On 11 April 1990, the circuit court held that the Secretary retained final approval authority over her designee's Decision and Order; however, the court further found that the Secretary had violated various procedural requirements in exercising her retained authority by considering Dr. Radinsky's letter without granting appellant's request for a hearing. The court agreed with appellant that the 11 July letter constituted an *ex parte* communication in violation of Md. Code (1984), State Gov't, § 10–213(a), since it was sent too late to be considered either as a motion for reconsideration or a memorandum agreement under the applicable regulations. Therefore, the trial court reversed the Order of 14 August 1989 and remanded the case for a hearing concerning the acceptance and effect of the 11 July letter from Dr. Radinsky.

### I

Appellant contends that the trial court erred in finding that the Secretary of Personnel retained approval authority over the Order and Decision of her designee, Ms. Zarnoch. Specifically, he argues that the Secretary divested herself of all such authority by virtue of a Notice of Delegation of Authority, dated 1 March 1987, which was published in the *Maryland Register* on 10 April 1987, pursuant to Md.Code Ann., art. 64A, § 36A(e). In the Notice of Delegation, the Secretary delegated to Ms. Zarnoch "all authority to approve proposals for decisions in" various cases including "appeals of charges for removal" in accordance with CO-MAR 06.01.01.47. Appellees contended, and the trial court

agreed, that despite the Delegation of Authority, the Secretary retained the authority to review and revise the orders of her designee.

Md.Code Ann., art. 64A, § 33 provides, in pertinent part:

(b)(2)(i) No employee who has completed his probation may be permanently removed from the classified service except for cause, upon written charges and after an opportunity to be heard in his own defense.

(ii) Such charges may be filed by the appointing authority or by any citizen, provided, however, that no such charges may be filed by a citizen, without the consent of the appointing authority or of the Secretary, and such charge shall within ninety days after filing, be heard, investigated and determined by the Secretary or by some person or board appointed by the Secretary to hear, investigate and determine the same.

(iii) The Secretary of Personnel shall render his decision within 45 days after a hearing is held before him or his authorized representative or within 45 days after all legal memoranda or briefs have been filed.

(c) *Decision of Secretary final.*—The finding and decision of the Secretary or of such person or board when approved by the Secretary shall be final, and shall be certified to the appointing authority and shall be forthwith enforced by such authority.

In finding that the Secretary did not divest herself of all authority over the orders of her designee, the trial court relied upon *Comptroller v. Myers,* 59 Md.App. 118, 128, 474 A.2d 941 (1984), in which we held that the Secretary of Personnel was not authorized to delegate the responsibility for final approval of decisions regarding the removal of classified employees, and was *required* to approve any removal decision before it became final. Finding that *Myers* was dispositive of the issue, the circuit court held that the Secretary "was required to finally approve her designee's Order" and that therefore, she retained the authority to revise the order before granting her approval.

Shortly after we decided *Myers,* however, the General Assembly amended art. 64A and enacted § 36A, which specifically authorizes the Secretary to delegate her approval authority. Section 36A, entitled "Delegation of Authority by Secretary," provides in relevant part,

(c) *Approval of certain proposed decisions.* In cases requiring the Secretary's approval or consent, the Secretary may designate either the Deputy Secretary, an assistant secretary, or another official whose duties and responsibilities are unrelated to the hearing process to approve proposed decisions of the following:

.        .        .        .        .

(3) Proposed decisions of removal cases under § 33 of this article or Article 29, § 11–109(b) of the Code;

.        .        .        .

(e) *Notice.*—When the Secretary designates authority under this section, the Secretary shall within 30 days of the designation, publish notice of the designation in the Maryland Register. (1985, ch. 573; 1986, ch. 429.)

The Secretary complied with the requirements of § 36A when she published the following Notice in the 10 April 1987 issue of the *Maryland Register:*

## DEPARTMENT OF PERSONNEL

**Subject:** Notice of Delegation of Authority

**Add'l Info** Effective March 1, 1987: I, Hilda E. Ford, by virtue of the authority vested in me as Secretary of Personnel by Article 64A, § 36A, Annotated Code of Maryland, hereby delegate to Jeanne M. Zarnoch, Personnel Administrator, all authority to approve proposals for decision in the following types of cases under **COMAR 06.01.01 State Employees Personnel Regulations:**

A. An appeal of charges for removal in accordance with Regulation .47; B. An appeal of a rejection on probation in accordance with Regulation .37F; C. An appeal of a demotion in accordance with Regulation .41;

D. An appeal of a report of unsatisfactory work or conduct in accordance with Regulation .64; E. An appeal of a disciplinary suspension in accordance with Regulation .46; F. An appeal of a suspension without pay pending the filing of charges for removal in accordance with Regulation .65; and G. An appeal of a recommendation of outside arbitrators under Regulation .56C.

■ By virtue of § 36A, the Secretary clearly had the discretionary authority to delegate final approval authority for removal decisions to Ms. Zarnoch. That conclusion, however, does not end our inquiry. We must now determine if the circuit court reached the correct result, that the Secretary had the authority to review and revise Ms. Zarnoch's order, albeit for the wrong reason. "[W]here the record in a case adequately demonstrates that the decision of the trial court was correct, although on a ground not relied upon by the trial court and perhaps not even raised by the parties, an appellate court will affirm." *Robeson v. State,* 285 Md. 498, 502, 403 A.2d 1221 (1979), *cert. denied,* 444 U.S. 1021, 100 S.Ct. 680, 62 L.Ed.2d 654 (1980). *See also Burwell v. Easton Memorial Hosp.,* 83 Md.App. 684, 691, 577 A.2d 394 (1990).

Section 36A was enacted to provide the Secretary of Personnel with the discretion to delegate certain authority in order to enhance the overall efficiency of the Department. The preamble to § 36A provides that the section was enacted

FOR the purpose of authorizing the Secretary of Personnel to designate a representative to hear and *issue final decisions in certain cases; authorizing the Secretary of Personnel to designate a representative to hear and* decide certain cases; providing for designation of certain officials in the Department of Personnel to approve certain decisions; *requiring the Secretary of Personnel to publish within a certain time notice of certain designations of authority;* and generally

relating to the hearing and approval process for certain cases in the Department of Personnel. (1985, ch. 573.)

■ Nothing in the above language, or in any of the cases interpreting § 36A, suggests that the Legislature intended to render a delegation of authority by the Secretary irrevocable. To the contrary, the power to delegate approval authority over various proposals must include implicitly the right to revoke that delegation and overrule a designee's decision when that decision is inconsistent with the policies of the Secretary. When that implicit right is not exercised, the decision of the designee is, by virtue of the delegation of authority, the final decision of the Department. Absent any clear statement of legislative intent to render all delegations of authority irrevocable, the Secretary must retain the authority to intervene in cases in which the proposed decision is inconsistent with the policies or goals of the Department, since it is the Secretary who must ultimately bear the responsibility for the decisions of her subordinates.

We hold, therefore, that by delegating her approval authority the Secretary essentially authorized Ms. Zarnoch to speak for her, as her agent, in cases involving, *inter alia,* charges for removal. In so doing, the Secretary did not surrender her right, indeed her obligation, to intervene and speak for herself when she disagrees with the judgment of her subordinate. Consequently, the trial court's decision recognizing the Secretary's authority to intervene was not in error.

## II

Appellant also contends that the trial court erred in remanding the case to the Department of Personnel for further proceedings. He asserts that the Secretary has never intervened in a prior removal case and that, therefore, her intervention in the case *sub judice* was an unexplained deviation from established procedure. Consequently, appellant argues that the Secretary's order should have

been stricken and the original order of 19 July 1989 reinstated.

Relying upon *Montgomery County v. Anastasi*, 77 Md. App. 126, 549 A.2d 753 (1988), appellant contends that the Secretary's intervention was an arbitrary and capricious act. His argument in this regard fails for several reasons, not the least of which is the fact that the record is devoid of any evidence concerning the frequency, or, for that matter, infrequency, with which the Secretary has overruled the decisions of Ms. Zarnoch. Moreover, even if appellant's claim were well established by evidence in the record, his reliance on *Anastasi* is misplaced.

■ In *Anastasi* we held that, by rendering opposite decisions based upon *indistinguishable facts* without explaining adequately the basis for doing so, the Montgomery County Merit System Protection Board had exercised its authority in an arbitrary manner in violation of Md.Code (1984), State Gov't, § 10–215(g)(3)(vi). 77 Md.App. at 138–39, 549 A.2d 753. In so holding, we adopted the reasoning of the federal courts; namely, that an agency's unexplained deviation from prior precedents *may* constitute an arbitrary and capricious act. *Id.* at 137, 549 A.2d 753.

In the case *sub judice*, even if we were to assume that the Secretary has never before intervened in a removal case, appellant does not claim that there have been cases involving similar factual circumstances, *i.e.*, an employee who physically abuses a patient, in which the employee has not been "separated" or terminated from his position. Assuming that the Secretary has never before reversed a decision of Ms. Zarnoch, that fact, by itself, would be insufficient to support the conclusion that the Secretary's conduct was arbitrary or capricious and in violation of Md.Code (1984) State Gov't, § 10–215(g)(3)(vi).

After finding that the 11 July 1989 letter from Dr. Radinsky was an improper *ex parte* communication in violation of § 10–213(a), the court determined that the Secretary violated appellant's due process rights by denying his re-

quest for a hearing regarding the acceptance and effect of the letter. Therefore, the court remanded the case to the Department of Personnel for the purpose of conducting such a hearing. Appellant contends, again without the aid of supporting authority, that the court abused its discretion in remanding the case. We disagree.

Md.Code (1984) State Gov't, § 10–215(g), provides:

In a proceeding under this section, the court may:

(1) remand the case for further proceedings;

(2) affirm the decision of the agency; or

(3) reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision of the agency:

(i) is unconstitutional;

(ii) exceeds the statutory authority or jurisdiction of the agency;

(iii) results from an unlawful practice;

(iv) is affected by any other error of law;

(v) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or

(vi) is arbitrary or capricious.

A decision as to whether to remand, affirm, reverse, or modify a decision of an administrative agency is one that is committed to the sound discretion of the trial court. When the agency has committed an error of law, *i.e.*, by considering improperly an *ex parte* communication as in the case *sub judice*, the court should remand the case to the agency for further proceedings designed to remedy the error. *O'Donnell v. Bassler*, 289 Md. 501, 509, 425 A.2d 1003 (1981). *See also Temmink v. Bd. of Zoning Appeals*, 205 Md. 489, 497, 109 A.2d 85 (1954); *Howard County v. Davidsonville Civic Ass'n*, 72 Md.App. 19, 50, 527 A.2d 772, *cert. denied*, 311 Md. 286, 533 A.2d 1308 (1987); *Matthew Bender & Co. v. Comptroller*, 67 Md.App. 693, 712, 509 A.2d 702 (1986). Since the 11 July 1989 letter was not part of the record before Ms. Zarnoch or the

Secretary, it could not be used properly as the basis for a final decision. The trial court correctly observed that appellant's request for a hearing regarding the impact of the letter should have been granted to ensure that the final Order of the Secretary is based only on matters contained in the record. Therefore, the court's decision to remand the case for the purpose of conducting such a hearing, which is what appellant requested the Secretary to do, was not an abuse of the court's discretion.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.