652 A.2d 1159

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES**

**v.**

**Gregory COLE.**

**No. 401 Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Feb. 2, 1995.

**128**

Michael O. Doyle, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief) Baltimore, for appellant.

Hillary Galloway Davis (J. Edward Davis, on the brief) Towson, for appellee.

Argued before WILNER, C.J., and DAVIS, J., and MARVIN H. SMITH (Retired,) Specially Assigned.

MARVIN H. SMITH, Judge, Specially Assigned.

The central issue in this case is whether an administrative law judge erred when, without any authentication, he admitted a video tape into evidence. We conclude, as did the circuit judge who heard the matter on appeal, that he did in fact err. There are other issues that we shall discuss, but they are relatively unimportant.

## I.

On August 14, 1991, appellee, Gregory Cole, was a merit system employee of the State of Maryland, being a lieutenant as a correctional officer of the Division of Corrections, Department of Public Safety and Correctional Services, at the Roxbury Correctional Institution at Hagerstown. He had been

there since the opening of the institution in 1983. On the day in question, he was part of an extraction team sent to remove an inmate from his cell. We are told that a cell extraction consists of an organized team of officers who approach a cell to extract an inmate who is unruly by virtue of the kind of behavior exhibited from the cell. As was the institution's practice, a video tape was made of this extraction. No complaint was made at the time by the inmate or anyone else regarding Cole's actions during the extraction. At a later time, the tape, with others, was reviewed for training purposes. What was shown on the tape ultimately was brought to the attention of the warden. On February 20, 1992, the warden filed charges against Cole for violating regulations by using unnecessary force against the prisoner during the cell extraction. The charges were retroactive to February 5. Cole was then suspended without pay.

On October 8, 1992, a hearing was conducted at the institution by an administrative law judge. The Department offered the original video tape of the cell extraction into evidence through the warden. This was received over the timely objection of Cole. No issue was made by the Department of the timeliness or sufficiency of Cole's objection. The only evidence against Cole other than the tape was the testimony of the warden, who was not present at the time of the extraction. No effort was made to authenticate the tape. At this hearing, Cole admitted that he was part of the extraction team and that he was in fact pictured in the video tape. He denied, however, using excessive force against the inmate. The administrative law judge found that "management ha[d] met its burden of proving sustainable charges against Lieutenant Cole" and "ordered that the charges for removal filed by management against Lieutenant Cole [were] justified and accordingly should be sustained."

A hearing was held before the designee of the Secretary of Personnel on December 16, 1992. On February 2, 1993, that designee adopted the proposed decision of the administrative law judge and ordered that Cole be separated from his position effective with the close of business on February 2,

1993. On that same day, Cole applied for retirement from State service. His application was approved and his retirement became effective March 1, 1993.

Cole appealed his removal to the Circuit Court for Washington County. The circuit judge (Daniel Moylan, J.) said:

The issue in this case was whether Lieutenant Cole used unnecessary force which could reasonably result in harm or death. By not requiring any authentication whatsoever of the video tape, Lieutenant Cole was deprived of a fair hearing. The principal evidence, indeed the only evidence, was the video tape or silent witness. Where there is nothing to show the reliability of the procedure or that the video tape had not been altered, that portions of it had [not] been deleted or doctored, such evidence is not competent, and the decision of the Administrative Law Judge must be reversed because of the prejudicial effect of admitting incompetent evidence.

Issues presented on this appeal are:

(1) Whether the circuit court erred in ruling that the administrative law judge improperly admitted the video tape of the cell extraction into evidence.

(2) Whether Cole, through counsel, waived his objection to the admission of the video tape by arguing at the administrative hearing that the video tape did not show him using excessive force, and that the video tape spoke for itself.

(3) Assuming that the administrative law judge erred in admitting the video tape of the cell extraction, did the circuit court abuse its discretion in not remanding the case to the Secretary of Personnel for another hearing where the video tape could be properly authenticated?

(4) If Cole prevails in this court or on remand to the Secretary of Personnel, is the Department required to reemploy him?

As indicated, we shall hold that the circuit court did not err in its ruling. We shall further hold that there was no waiver, but that the circuit court should have remanded the case for

further proceedings before the Secretary of Personnel. We shall leave to the Secretary of Personnel the mootness issue occasioned by Cole's retirement.

## II.

The Department correctly points out that under Maryland Code (1984), § 10–208(b), State Government Article, in a proceeding before an administrative agency that "agency may admit probative evidence that reasonable and prudent individuals commonly accept in the conduct of their affairs and give probative effect to that evidence." Section 10–208(c) provides that the agency may exclude evidence that is incompetent, irrelevant, immaterial, or unduly repetitious. The Department also correctly makes the point, citing *Commission on Medical Discipline v. Stillman*, 291 Md. 390, 422, 435 A.2d 747, 763 (1981), and other cases, that administrative agencies are not bound by the technical common law rules of evidence. From this it is argued that the video tape in this case was competent evidence "for either a judicial proceeding or an administrative proceeding," and, hence, that the administrative law judge "did not err in admitting it, and the circuit court erred in reversing the Secretary's decision."

*Black's Law Dictionary* 689 (5th ed. 1983) defines incompetent evidence as:

> Evidence which is not admissible under the established rules of evidence.... Evidence which the law does not permit to be presented at all, or in relation to the particular matter, on account of lack of originality or of some defect in the witness, the document, or the nature of the evidence itself.

In *Department of Public Safety v. Scruggs*, 79 Md.App. 312, 322, 556 A.2d 736, 741 (1989), Judge Pollitt for this Court referred to § 10–208(b) of the State Government Article, with which we are here concerned, and § 10–215(g), pertaining to judicial review, and said for the Court:

> The critical requirement to be gleaned from these statutes is that, whether in judicial or administrative proceed-

ings, the evidence presented must be considered *"competent."* We believe that the Legislature clearly has indicated its intent that evidence which would be considered "incompetent," and for that reason inadmissible for substantive purposes in judicial proceedings, should also be excluded in proceedings before administrative agencies.

In *Sisk v. State*, 236 Md. 589, 204 A.2d 684 (1964), Judge Prescott said for the Court:

> There can be little doubt that photographs are, and have been for many years, an important and valuable source of evidence in the Courts. It should be borne in mind that photographs, *when properly authenticated*, are as a general rule held to be admissible under two distinct rules: one, to illustrate a witness' testimony (in instances of this nature the photographs have been analogized to maps and diagrams); and two, as "mute," "silent," or "dumb" independent photographic witnesses.

*Id.* at 591, 204 A.2d 684 (emphasis added, footnotes omitted). It is significant that in *Sisk* the Court went on to say:

> In the instant case, extrinsic evidence showed when, where, and under what circumstances the negative (and the enlargement thereof) was taken, and that it accurately portrays the subjects illustrated; and the trial judge, obviously, decided it was sufficiently accurate to be helpful to him in deciding the case. Under these circumstances, we hold that both the negative and the photograph made therefrom were sufficiently authenticated, and therefore properly admitted into evidence. The Supreme Court of Washington reached a similar conclusion relative to a Regiscope photograph in [*State v.*] *Tatum*, [58 Wash.2d 73, 360 P.2d 754 (1961)], *supra.*

*Id.* 236 Md. at 596–97, 204 A.2d 684.

In *Tobias v. State*, 37 Md.App. 605, 378 A.2d 698 (1977), Judge Wilner for this Court found "no abuse of discretion, and therefore no reversible error, on the part of the trial court in admitting [a] video tape into evidence." *Id.* at 615, 378 A.2d

698. In the process of reaching that conclusion he said for the Court:

> We find both the weight of this authority, as well as the reasoning behind it, to be persuasive, and therefore adopt the conditional rule of admissibility set forth in the cases and treatise cited above: *duly verified* sound motion pictures of relevant subjects in the form of video tape recordings are admissible in evidence on the same basis as sound motion picture films and subject to the same rules applicable to photographic evidence generally.

*Id.* (emphasis added).

We find significant what Judge Offutt said for the Court in *Wimpling v. State*, 171 Md. 362, 189 A. 248 (1937):

> In the course of the trial certain photographs purporting to represent the building after it was burned were offered in evidence, and admitted over objection. There was no proof that they were a correct representation of the building at the time they were taken, nor was there any evidence identifying them with the different parts of the building they purported to portray. Ordinarily the admissibility of photographs as evidence is within the discretion of the trial court (*Snibbe v. Robinson*, 151 Md. 658, 663, 135 A. 838 [ (1927) ]; *Baltimore v. Biggs*, 132 Md. 113, 117, 103 A. 426 [ (1918) ] ), but that rule is only applicable where the photographs are shown by competent extrinsic evidence to be true representations of the scene or object which they purport to represent at the time when the appearance of such scene or object is relevant to the inquiry in connection with which the photographs are offered, 22 *C.J.* 921; *Baltimore v. Biggs, supra; Western Md. Rwy. v. Martin*, 110 Md. 554, 73 A. 267 [ (1909) ]; *Consol. Gas, Electric Light & Power Co. v. State*, 109 Md. 186, 72 A. 651 [ (1909) ]. In this case the proof failed to meet that test, for while it was stated that "that," apparently meaning one of the photographs, was a representation of the building, there was nothing to identify the particular photograph shown the

witness, nor was there any proof that the representation was accurate, and they should have been rejected. *Id.* 171 Md. at 373–74, 189 A. 248.

In 5 Lynn McLain, *Maryland Evidence* § 403.6 (1987), Professor McLain discusses the admission of movies, video tapes, and sound recordings. She points out that "the courts suspect that movies and tapes may be easily manipulated, through such means as editing and changes of speed, to produce a misleading effect." *Id.* at 322 (footnote omitted). She states that the modern trend is to require "that a person with first-hand knowledge of the subject of the movie or video tape testify that it is a fair and accurate portrayal of the subject." *Id.* at 322, citing, among others, *Tobias,* 37 Md.App. 605, 378 A.2d 698, and McCormick on Evidence § 214. 2 John W. Strong, *McCormick on Evidence* § 214 (4th ed. 1992) states: "[A] photograph is viewed merely as a graphic portrayal of oral testimony, and becomes admissible only when a witness has testified that it is a correct and accurate representation of relevant facts personally observed by the witness." *Id.* at 13 (footnote omitted). 3 Charles C. Scott, *Photographic Evidence* § 1294 (2d ed. 1969), says, relative to video tapes, "[V]ideo tape recordings should be admitted in evidence and played back for court and jury on the same basis as ordinary motion pictures on film, *subject only to the usual showing of relevancy and materiality and to proper verification.*" *Id.* at 152 (emphasis added). To similar effect, *see* Joseph F. Murphy, Jr., *Maryland Evidence Handbook* § 1102 (2d ed. 1993).

As Professor McLain points out, the opportunity for mischief exists insofar as movies and video tapes are concerned. Accordingly, we find no error on the part of the circuit judge in holding that, as has been the practice for many years in Maryland courts as to photographs, the video tape should have been properly authenticated before it was admitted. Without such verification, it was not competent evidence.

### III.

The Department contends that Cole waived his objection to the admissibility of the tape when he presented argu-

ments negating the inferences the administrative law judge derived therefrom.  We have carefully examined the record. We conclude that there was no waiver.  A litigant is entitled to play down that which has been admitted against him or otherwise seek to counteract evidence against him.  Cole did nothing more.  *See, e.g., MacEwen v. State,* 194 Md. 492, 504– 05, 71 A.2d 464, 469–70 (1950).

## IV.

The State asserts that if there were error in admitting the video tape without the proper foundation, then "[t]he proper remedy is to remand to the Secretary of Personnel for proceedings to determine whether the video tape can be properly admitted."  Obviously, there were persons in the extraction team other than Cole.  The hearing was at the institution.  There would have been no great inconvenience had other members of the team been called to authenticate the video.  Accordingly, it would seem to follow that there would be no problem in authenticating the tape.

In *Eaton v. Rosewood Center,* 86 Md.App. 366, 586 A.2d 804 (1991), Judge Bloom said for this Court:

A decision as to whether to remand, affirm, reverse, or modify a decision of an administrative agency is one that is committed to the sound discretion of the trial court.  When the agency has committed an error of law, *i.e.,* by considering improperly an *ex parte* communication as in the case *sub judice,* the court should remand the case to the agency for further proceedings designed to remedy the error.

*Id.* at 376, 586 A.2d 804, citing among other cases, *O'Donnell v. Bassler,* 289 Md. 501, 509, 425 A.2d 1003 (1981), and *Temmink v. Board of Zoning Appeals,* 205 Md. 489, 497, 109 A.2d 85 (1954).  This conclusion would be equally applicable in the facts of the case at bar.  We believe that the circuit judge here should have remanded the case for further proceedings before the Secretary.

## V.

If, on the remand, the tape is properly authenticated, then the Secretary of Personnel will be obliged to consider the point which we do not consider, that the case is moot by virtue of the retirement of Cole.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND CASE REMANDED TO THE CIRCUIT COURT FOR WASHINGTON COUNTY FOR FURTHER REMAND TO THE SECRETARY OF PERSONNEL FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE EQUALLY DIVIDED.